UNITED STATES of America,
Plaintiff–Appellee,

v.

Alfredo ORTEGA–ASCANIO,
Defendant–Appellant.

No. 03–50096.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 12, 2004.

Filed July 15, 2004.

Maria E. Stratton, Office of the Federal Public Defender, Los Angeles, CA, for the defendant-appellant.

Daniel A. Saunders, Office of the United States Attorney, Los Angeles, CA, for the plaintiff-appellee.

Before McKEOWN and BYBEE, Circuit Judges, and BREYER, District Judge.*

BREYER, District Judge:

This appeal asks us to decide whether a defendant establishes a "fair and just reason" for withdrawing a plea when he seeks to withdraw his plea before sentencing so that he can move to dismiss his indictment based on an intervening United States Supreme Court decision. In the circumstances of this case, we answer yes.

Appellant Alfredo Ortega–Ascanio pled guilty to illegal reentry. After his guilty plea, but before sentencing, the Supreme Court decided *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001). *St. Cyr* held that the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") could not apply retroactively to bar § 212(c) discretionary relief to aliens who were eligible for such relief at the time they pled guilty to the offense that rendered them ineligible under the

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

AEDPA. Ortega–Ascanio subsequently moved the district court to withdraw his guilty plea so that he could move to dismiss his indictment on the ground that under *St. Cyr* his prior order of deportation was invalid. The district court denied his motion. The court held that Ortega–Ascanio had not demonstrated a "fair and just reason" for withdrawing his plea because a pre-plea constitutional violation does not render a plea involuntary. Ortega–Ascanio was sentenced to 77 months imprisonment. Because the court misapplied the standard, we reverse the denial of Ortega–Ascanio's motion and his conviction.

## FACTS AND PROCEEDINGS BELOW

Ortega–Ascanio was born in Mexico in 1964 and entered the United States with his parents four years later. He later became a permanent resident.

In 1989, Ortega–Ascanio pled guilty to sexual battery in violation of California Penal Code § 243.4 and was sentenced to three years probation. His guilty plea subjected him to deportation because it was his second conviction for a crime of moral turpitude. *See* 8 U.S.C. § 1227(a)(2)(A)(ii). At the time of his plea, however, he was eligible for relief from deportation pursuant to § 212(c) of the Immigration and Nationality Act of 1952. Section 212(c) authorized any permanent resident alien with seven consecutive years of unrelinquished domicile in the United States to apply for a discretionary waiver of deportation. *See St. Cyr*, 533 U.S. at 294–95, 121 S.Ct. 2271 (citing 8 U.S.C. § 1182(c)). If such relief was granted, the deportation proceedings would be terminated and the alien would remain a permanent resident. *See id.*

### A. The INS proceedings

The INS commenced a deportation proceeding against Ortega–Ascanio in 1998 based on his 1989 guilty plea to sexual battery. By the time of those proceedings, § 440(d) of the AEDPA had made aliens convicted of an aggravated felony ineligible for § 212(c) relief. *See* Pub.L. No. 104–132, 110 Stat. 1277 (1996) (amending 8 U.S.C. § 1182(c) to preclude discretionary relief for an alien convicted of an aggravated felony). The immigration judge ("IJ") did not advise Ortega–Ascanio that he was eligible for § 212(c) relief. Ortega–Ascanio, who was not represented by counsel, waived all further proceedings and submitted to deportation. He was subsequently deported to Mexico.

Ortega–Ascanio was found in the United States in November 1999. The following month, the United States indicted him with a single count of violating 8 U.S.C. § 1326(a): alien found illegally in the United States following deportation.

### B. The district court proceedings

Ortega–Ascanio pled guilty—without a plea agreement—three months after he was indicted. The parties subsequently stipulated to several continuances of sentencing.

The following year, in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), the Supreme Court held that the AEDPA could not apply retroactively to bar § 212(c) relief to aliens who were eligible for such relief at the time they pled guilty to the offense that rendered them ineligible under the AEDPA. *Id.* at 326, 121 S.Ct. 2271. Nine months later, but before sentencing, Ortega–Ascanio filed a motion under Federal Rule of Criminal Procedure 32(e) (now 11(d)(2)(B)) to withdraw his guilty plea so that he could bring a motion to dismiss the indictment based on *St. Cyr* and the IJ's failure to advise him that he was eligible to apply for

§ 212(c) relief. The government opposed the motion.

The district court denied Ortega–Ascanio's motion at a hearing, stating:

Having read and considered the arguments made by each side, in considering each of the arguments, I am going to deny the motion at this point in time. Defendant has not shown fair and just reasons why he should be allowed to withdraw his guilty plea. Even in assuming a pre-plea constitutional violation, that by itself is insufficient to invalidate the properly entered guilty plea. So, the motion is denied on that basis.

The issue on appeal is whether the district court properly denied Ortega–Ascanio's motion.

## STANDARD OF REVIEW

■ This Court reviews a district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. *See United States v. Ruiz*, 257 F.3d 1030, 1033 (9th Cir.2001) (en banc). A district court abuses its discretion when it makes an error of law. *See id.; see also Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

## DISCUSSION

A defendant may withdraw a guilty plea after a district court accepts the plea but before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B); [1] *Ruiz*, 257 F.3d at 1032 (holding that the fair and just reason standard applies to pre-sentencing motions to with-

draw guilty pleas). Once a district court sentences a defendant, however, a "plea may be set aside only on direct appeal or collateral attack." Fed.R.Crim.P. 11(e).

■ "[T]he decision to allow withdrawal of a plea is solely within the discretion of the district court." *United States v. Nostratis*, 321 F.3d 1206, 1208 (9th Cir. 2003). "The defendant has the burden to show a fair and just reason for withdrawal of a plea." *Id.* The standard, however, is applied liberally. *See United States v. Nagra*, 147 F.3d 875, 880 (9th Cir.1998). Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea. *See United States v. Turner*, 898 F.2d 705, 713 (9th Cir.), *cert. denied*, 495 U.S. 962, 110 S.Ct. 2574, 109 L.Ed.2d 756 (1990) (citing *United States v. Rios–Ortiz*, 830 F.2d 1067, 1068 (9th Cir.1987)).

■ Ortega–Ascanio argues that an intervening circumstance, namely the Supreme Court's *St. Cyr* decision, satisfies his burden. He contends that because he is eligible for § 212(c) relief under *St. Cyr*, and because the IJ did not advise him of the availability of such relief, his deportation cannot be the basis for a § 1326(a) conviction. He therefore seeks to withdraw his plea in order to move to dismiss the indictment. Such a claim is essentially an assertion of legal innocence. *See Fed. R.Crim.P. 32(d)*, Advisory Committee Notes (1983 Amendments) (stating that whether the defendant has asserted his legal innocence is an important factor to

---

1. Before the December 2002 amendments to the Federal Rules of Criminal Procedure, the above rule was found in Rule 32(e), and before that, Rule 32(d). "Despite minor language changes in the rule, the 'fair and just

reason' standard remains the same...." *United States v. Nostratis*, 321 F.3d 1206, 1208 n. 1 (9th Cir.2003). This Opinion refers to the rule in its current form.

consider in deciding a motion to withdraw a guilty plea).

## A. The district court's decision

The district court did not address Ortega–Ascanio's argument regarding *St. Cyr;* instead, the court found that Ortega–Ascanio had not met his burden because even assuming the IJ's failure to advise Ortega–Ascanio of his eligibility for § 212(c) relief violated his right to due process, "a pre-plea constitutional violation ... by itself is insufficient to invalidate the properly entered guilty plea." In so holding the district court appeared to rely on the so-called *Brady* trilogy: *Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970), and *Parker v. North Carolina,* 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785 (1970). The *Brady* line of cases holds that a pre-plea constitutional violation, such as, a coerced confession, does not itself render a guilty plea involuntary and therefore subject to collateral attack. In *Brady,* the Court held that intervening caselaw did not render the defendant's guilty plea involuntary "because, although later judicial decisions indicated that at the time of his plea he 'did not correctly assess every relevant factor entering into his decision,' he was advised by competent counsel, was in control of his mental faculties, and 'was made aware of the nature of the charge against him.'" *Bousley v. United States,* 523 U.S. 614, 619, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998) (quoting *Brady,* 397 U.S. at 756–57, 90 S.Ct. 1463).

We conclude that the district court applied the wrong legal standard to Ortega–Ascanio's motion to withdraw. The validity of Ortega–Ascanio's guilty plea was not the proper inquiry; instead, because Ortega–Ascanio had not yet been sentenced, and because he did not argue that he should be permitted to withdraw his plea because it was involuntary, the proper inquiry was whether he had shown a fair and just reason for withdrawing his plea even if it was otherwise valid. *See* Fed. R.Crim.P. 11(d)(2)(B); *Ruiz,* 257 F.3d at 1032.

■ Although the district court stated that Ortega–Ascanio had not shown a fair and just reason for withdrawing his plea, the court's reasoning reveals that it applied a stricter standard, namely, demonstration that the plea was invalid. The court expressly denied Ortega–Ascanio's motion because his plea was valid and therefore not subject to collateral attack. To hold that a defendant has not shown a fair and just reason for withdrawing his guilty plea if the plea was voluntary and therefore *will* not be subject to collateral attack improperly limits "a fair and just reason" to only those cases in which the plea is invalid. Such an interpretation of "fair and just" renders the rule nothing more than an expedited hearing on a challenge to the voluntariness of a plea. A fair reading of the broad language of Rule 11(d)(2)(B)—"a defendant may withdraw a plea of guilty or nolo contendere ... if the defendant shows a fair and just reason"—establishes that a defendant need not prove that his plea is invalid in order to meet his burden of establishing a fair and just reason for withdrawal. *See* Fed. R.Crim.P. 32, Advisory Committee Notes (1983 Amendments) (calling the "fair and just reason" standard "more generous" than the standard that applies post-sentencing).

■ The government responds that "the validity of a defendant's plea—and its force as a waiver of pre-plea claims of constitutional and non-constitutional dimension—hinges in no logical way upon *when* he seeks to withdraw that plea."

This argument misses the point. Ortega–Ascanio is not arguing that his plea is invalid, and he does not contest that his plea of guilty, once final, waived any pre-plea claims. He argues instead that when a defendant moves to withdraw his plea before sentencing, Rule 11(d)(2)(B) directs the district court to permit withdrawal for any fair and just reason. *See Ruiz*, 257 F.3d at 1032. *When* a defendant moves to withdraw his plea is thus critical. If the defendant waits until his conviction is final, the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings, that is, if the plea is somehow invalid. *See* Fed. R.Crim.P. 11(e). If, on the other hand, the defendant moves for withdrawal prior to sentencing, the district court shall permit withdrawal if the defendant establishes a fair and just reason for doing so. *See* Fed.R.Crim.P. 11(d)(2)(B). Thus, the standard of a "fair and just reason" must extend beyond a challenge to the validity of the plea. *See Rios–Ortiz*, 830 F.2d at 1069 (stating that the "fair and just" standard is more lenient than that applied on post-conviction review). Indeed, the Rule 32 Advisory Committee Notes recognize that a "fair and just" reason justifying the withdrawal of a plea presentence may not be sufficient to sustain a post-conviction challenge to a plea. Fed.R.Crim.P. 32, Advisory Committee Notes (1983 Amendments) ("Illustrative of a reason which would meet [the fair and just] test but would likely fall short of the § 2255 test is where the defendant now wants to pursue a certain defense which he for good reason did not put forward earlier.").

In sum, the district court implicitly, if not explicitly, held that a defendant's reason for seeking to withdraw his plea is not "fair and just" unless the reason renders the plea invalid. Because the district court applied the wrong legal standard to Ortega–Ascanio's motion, the court abused its discretion. *See Ruiz*, 257 F.3d at 1033 (citing *Koon*, 518, U.S. at 100, 116 S.Ct. 2035).

**B.  Other Arguments**

■ Even if the district court's reasoning was faulty, we may affirm the district court for any reason supported by the record. *See USA Petroleum Co. v. Atlantic Richfield Co.*, 13 F.3d 1276, 1279 (9th Cir.1994). The government offers two additional reasons why the district court did not abuse its discretion: (1) the time elapsed between *St. Cyr* and the filing of Ortega–Ascanio's motion to withdraw his guilty plea, and (2) the lack of any merit to Ortega–Ascanio's proposed motion to dismiss his indictment.

**1.  The timing of the motion to withdraw**

■ The government argues that the timing of Ortega–Ascanio's motion to withdraw demonstrates that *St. Cyr* did not provide a fair and just reason for granting Ortega–Ascanio's motion.

First, it argues that Ortega–Ascanio could have moved to dismiss the indictment before *St. Cyr* was decided as did St. Cyr himself. At the time Ortega–Ascanio pled guilty, however, Ninth Circuit law precluded Ortega–Ascanio's *St. Cyr*-type argument. *See Magana–Pizano v. INS*, 200 F.3d 603, 613 (9th Cir.1999) (holding that as a general rule § 440(d) applies retroactively to bar § 212(c) relief to aliens who pled guilty to disqualifying crimes prior to the enactment of the AEDPA);[2]

**2.** *Magana–Pizano* left open the possibility that AEDPA § 440(d) would not apply retroactively to aliens who pled guilty in actual reliance upon the availability of § 212(c) relief, although it assumed that such a showing "could only be made in rare circumstances." 200

see also *Richards–Diaz v. Fasano,* 233 F.3d 1160, 1164 n. 4 (9th Cir.2000) (stating that *Magana–Pizano* required the court to hold that the repeal of § 212(c) relief in the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA") applies retroactively). *St. Cyr,* in contrast, arose in the Second Circuit at a time when the Second Circuit had not ruled on the retroactivity of the AEDPA's elimination of § 212(c) relief. The district court concluded that AEDPA § 440(d) could not apply retroactively and the Second Circuit, and later the Supreme Court, affirmed.

■ Second, the government argues that the nine-month delay between the Supreme Court's *St. Cyr* decision (June 2001) and the filing of Ortega–Ascanio's motion to withdraw his plea (March 2002) means that *St. Cyr* did not create a fair and just reason for granting Ortega–Ascanio's motion. *See United States v. Barker,* 514 F.2d 208, 222 (D.C.Cir.) ("[I]f the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force."), *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). During those nine months, however, the government and the defense stipulated to five continuances of sentencing, and one continuance was because defense counsel was ill. Even before *St. Cyr* was decided, the parties had stipulated to 11 sentencing continuances. The delay alone does not suggest that *St. Cyr* was not the reason for Ortega–Ascanio's motion to withdraw; indeed, there is nothing in the record that suggests anything other than *St. Cyr* motivated Ortega–Ascanio to file his motion to withdraw.

F.3d at 612–13. The government does not argue that Ortega–Ascanio could have made

## 2. The merits of the proposed motion to dismiss the indictment

■ Next, the government argues that the district court did not abuse its discretion because Ortega–Ascanio's proposed motion to dismiss the indictment would have failed in any event.

■ Ortega–Ascanio had a Fifth Amendment right to collaterally attack his removal order in the criminal proceeding "because the removal order serve[d] as a predicate element of his conviction." *United States v. Ubaldo–Figueroa,* 364 F.3d 1042, 1047 (9th Cir.2004); *see also United States v. Pallares–Galan,* 359 F.3d 1088, 1095 (9th Cir.2004) ("Because the underlying removal order serves as a predicate element of an illegal reentry offense under § 1326, a defendant charged with that offense may collaterally attack the removal order under the due process clause.") (citing *United States v. Mendoza–Lopez,* 481 U.S. 828, 837–38, 107 S.Ct. 2148, 95 L.Ed.2d 772 (1987)).

In a case very similar to this we recently held that an alien's due process rights were violated by an IJ's failure to advise the defendant that he was eligible for relief under former § 212(c), even though Congress had eliminated the relief. *Ubaldo–Figueroa,* 364 F.3d at 1049–50. The government nonetheless contends that Ortega–Ascanio cannot show that his due process rights were violated because the IJ did advise him that he was eligible for cancellation of removal under 8 U.S.C. § 1229b and Ortega–Ascanio chose not to pursue such relief. We are unpersuaded that this fact, alone, dooms Ortega–Ascanio's motion. The IJ advised Ortega–Ascanio that he would be eligible to apply for cancellation of removal only if the victims

this showing.

of Ortega–Ascanio's sexual battery conviction were not minors and therefore his crime was not an aggravated felony; however, the IJ was required to advise Ortega–Ascanio that he was eligible to apply for § 212(c) discretionary relief even if he had been convicted of an aggravated felony. *See St. Cyr*, 533 U.S. at 326, 121 S.Ct. 2271; *Ubaldo–Figueroa*, 364 F.3d at 1050. The IJ did not do so.

The government also argues that given Ortega–Ascanio's criminal history he cannot demonstrate that he even has a plausible claim for discretionary relief. *See United States v. Muro–Inclan*, 249 F.3d 1180, 1184 (9th Cir.) ("To establish prejudice, [the defendant] does not have to show that he actually would have been granted relief. Instead, he must only show that he had a 'plausible' ground for relief from deportation.") (citation and internal quotation marks omitted), *cert. denied, Vidrio–Aleman v. United States*, 534 U.S. 879, 122 S.Ct. 180, 151 L.Ed.2d 125 (2001); *see also United States v. Arce–Hernandez*, 163 F.3d 559, 563 (9th Cir.1998) ("An alien does not have to prove that he actually would have been granted such relief. But he must make a 'plausible' showing that the facts presented would cause the Attorney General to exercise discretion in his favor."). The issue of prejudice, however, should be decided in the first instance by the district court. *See United States v. Leon–Paz*, 340 F.3d 1003, 1007 (9th Cir. 2003). We therefore leave the determination of the motion to dismiss the indictment to the district court.

## CONCLUSION

Federal Rule of Criminal Procedure 11(d)(2)(B) directs a district court to permit a defendant to withdraw a guilty plea before sentencing if the defendant comes forward with any fair and just reason for doing so. *See Ruiz*, 257 F.3d at 1032.

Ortega–Ascanio demonstrated a fair and just reason for withdrawing his plea, namely, an intervening Supreme Court decision that overruled Circuit precedent and gave him a plausible ground for dismissal of his indictment. Accordingly, we REVERSE the district court's denial of his motion to withdraw as an abuse of discretion and REVERSE Ortega–Ascanio's conviction under 8 U.S.C. § 1326. This action is REMANDED to the district court for resolution of Ortega–Ascanio's motion to dismiss his indictment.