**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Cleo PAGE, aka Shack; et al.,
Defendant—Appellant.**

No. 03–50360.
D.C. No. CR–02–00063–VAP–04.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 4, 2004.*

Decided Oct. 12, 2004.

---

Fed. R.App. P. 34(a)(2).

Nancy Kardon, Office of the U.S. Attorney Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Cleo Page, San Bernardino, CA, pro se.

Before HUG, T.G. NELSON, and WARDLAW, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

## MEMORANDUM**

Cleo Page appeals the District Court's denial of his motion to withdraw his plea of guilty to one count of selling cocaine base (crack). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

After pleading guilty, but prior to sentencing, Page moved to withdraw his guilty plea. Given that timing, he "can withdraw his guilty plea only by showing a fair and just reason for withdrawal." *United States v. Nostratis,* 321 F.3d 1206, 1208 (9th Cir.2003). It is Page's burden to show a "fair and just" reason. *Id.* If the government is in breach of a plea agreement, the defendant may withdraw his guilty plea. *U.S. v. Sandoval–Lopez,* 122 F.3d 797, 800 (9th Cir.1997).

The district court did not abuse its discretion in denying Page's motion to withdraw his guilty plea. Page argued that the government breached the plea agreement by disclosing to his co-conspirators that he had pleaded guilty and was cooperating with the government before Page had adequate time to convince them to enter plea agreements. Page preferred to try to convince his co-defendants to plead guilty so as to avoid his having to testify against them. Thus, according to Page, the government rendered it impossible for him to obtain a substantial assistance downward departure under U.S.S.G. § 5K1.1. However, we agree with the district court that the government did not breach the agreement. First, no term in the plea agreement required the government to keep Page's cooperation secret from his co-conspirators. Second, the plea agreement provides that to qualify for the § 5K1.1 departure, Page must cooperate with the government to the government's

satisfaction and on the government's terms, which included testifying against his co-conspirators. Thus, although the disclosure may have made it more difficult for Page to convince his co-conspirators to plead guilty, this did not foreclose his ability to gain the benefit of the substantial assistance departure by testifying or otherwise cooperating with the government. Accordingly, the government's disclosure of Page's cooperation did not breach the agreement and therefore Page did not meet his burden of showing a fair and just reason to withdraw his guilty plea.

Page's *Blakely* claims are similarly without merit. *Blakely v. Washington,* —— U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), is not an intervening Supreme Court decision that constitutes a fair and just reason for withdrawal of Page's guilty plea. *See U.S. v. Ortega–Ascanio,* 376 F.3d 879, 885 (9th Cir.2004) (finding a Supreme Court decision that came down after the plea but before sentencing to be a fair and just reason for withdrawal). *Blakely* was not issued after Page's plea was entered, but before his sentencing, as in *Ortega,* but rather *after* Page was already sentenced. Therefore *Ortega* is inapposite. *See id.* (stressing that *"[w]hen* a defendant moves to withdraw his plea is thus critical").

We further reject Page's sentencing claims based on *Blakely* and *U.S. v. Ameline,* 376 F.3d 967 (9th Cir.2004). These cases are inapplicable because the district court did not calculate the amount of drugs used to determine the offense level; the parties stipulated to drug quantity in the plea agreement. Therefore *Blakely* and *Ameline* do not apply. *See Blakely,* 124 S.Ct. at 2537 (holding that a judge may only impose a sentence "solely on the basis

of the facts reflected in the jury verdict or admitted by the defendant"); *Ameline,* 376 F.3d at 971 (applying *Blakely* to the federal Sentencing Guidelines).

**AFFIRMED**