**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Alfredo ORTEGA–ASCANIO,**
**Defendant—Appellant.**

**No. 05–50117.**

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 13, 2006.*

Decided Jan. 26, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Becky S. Walker, Esq., Daniel A. Saunders, Esq., USLA—Office of the U.S. Attorney, Criminal Division, Los Angeles, CA, for Plaintiff–Appellee.

Fed. R.App. P. 34(a)(2).

Firdaus F. Dordi, Esq., FPDCA—Federal Public Defender's Office, Los Angeles, CA, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, FRIEDMAN ** and FISHER, Circuit Judges.

## MEMORANDUM***

Alfredo Ortega–Ascanio appeals the district court's denial of his motion to dismiss his 8 U.S.C. § 1326 conviction for being an alien found in the United States after deportation. Ortega–Ascanio asserts that his underlying deportation was constitutionally defective because the Immigration Judge failed to inform him that he was eligible for § 212(c) relief. We previously held that the IJ's failure to notify Ortega–Ascanio of § 212(c) eligibility violated his due process rights, but remanded on the question of whether Ortega–Ascanio suffered prejudice as a result of this violation. *See United States v. Ortega–Ascanio*, 376 F.3d 879 (9th Cir.2004). Given Ortega–Ascanio's serious criminal history and limited equities in his favor, we agree with the district court's finding on remand that Ortega–Ascanio fails to state a "plausible" ground for relief under § 212(c) and thus suffered no prejudice from the IJ's failure to inform. *U.S. v. Gonzalez–Valerio*, 342 F.3d 1051, 1054 (9th Cir.2003).

Because the parties are familiar with the facts and procedural history of this case, we do not recite them in detail. Ortega–Ascanio has a serious criminal history including convictions for sexual battery involving minors, resisting a public officer, grand theft, grand theft auto and DUI. In 1994, Ortega–Ascanio was also arrested, though not convicted, for burglary, attempted rape, sexual battery, false imprisonment and child molestation. *See Paredes–Urrestarazu v. INS*, 36 F.3d 801, 810 (9th Cir.1994). In total, the district court found that Ortega–Ascanio had 11 pre-removal convictions, giving him a criminal history score of 13 and category of VI under the advisory sentencing guidelines. The seriousness of Ortega–Ascanio's criminal history requires him to show "unusual or outstanding equities" in order to state a plausible ground for relief under § 212(c). *See Ayala–Chavez v. INS*, 944 F.2d 638, 641 (9th Cir.1991).

Ortega–Ascanio demonstrates that there are some equities in his favor. The most favorable of these is his strong family ties in the United States. *See Kahn v. INS*, 36 F.3d 1412, 1414 (9th Cir.1994). His parents, his child and all of his siblings are United States citizens. Ortega–Ascanio came to the United States at a young age and has been in the country for over 20 years. His deportation would cause some hardship for his family as his parents rely upon him to work on their properties, but not for financial support. Finally, Ortega–Ascanio has had a rough upbringing with an abusive and alcoholic father. On the unfavorable side, Ortega–Ascanio had no contact with his son until he reached the age of 14 and has not provided financial support for him. *Cf. United States v. Ubaldo–Figueroa*, 347 F.3d 718, 734 (9th Cir.2003). He has not maintained employment with one company for more than a few months at a time. *See Matter of Marin*, 16 I. & N. Dec. 581, 583 (BIA 1978). He was incarcerated for much of the

** The Honorable Daniel M. Friedman, Senior United States Circuit Judge for the Federal Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

time he has been in the United States. Finally, Ortega–Ascanio's rehabilitative efforts are commendable but not entirely sufficient. He claims to have begun dealing with his alcoholism and abuse sometime in 1994, but has since been arrested for multiple offenses including DUI. *See Matter of Marin,* 16 I. & N. Dec. at 588.

Many others, with greater equities than those presented by Ortega–Ascanio, have been denied § 212(c) relief. *See Ayala–Chavez,* 944 F.2d at 642; *Matter of Buscemi,* 19 I. & N. 628, 634 (BIA 1988); *see also Gonzalez–Valerio,* 342 F.3d at 1057 (listing cases). Given the "nature, recency, and seriousness" of his criminal record and the limited appeal of equities in his favor (unusual, outstanding or otherwise), Ortega–Ascanio cannot state plausible grounds for relief under § 212(c). Accordingly, the district court properly found that Ortega–Ascanio suffered no prejudice from the IJ's failure to inform him of eligibility for § 212(c) relief, and he is therefore not entitled to dismissal of the § 1326 indictment.

**AFFIRMED.**