**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Teodoro MADRID–FIGUEROA,**
**Defendant–Appellant.**

**No. 05–10767.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007.*

Filed Oct. 1, 2007.

Bruce M. Ferg, Esq., USTU–Office of the U.S. Attorney Evo A. Deconcini U.S. Courthouse, Tucson, AZ, for Plaintiff–Appellee.

Thomas F. Jacobs, Esq., Law Offices of Thomas F. Jacobs, Tucson, AZ, for Defendant–Appellant.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM **

Teodoro Madrid–Figueroa appeals from the district court's denial of his motion to withdraw his guilty plea to illegal reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Madrid–Figueroa contends that the district court erred by denying his motion to

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

withdraw his guilty plea so that he could file a motion to dismiss his indictment for defects in his prior deportation hearing pursuant to *United States v. Ortega–Ascanio,* 376 F.3d 879 (9th Cir.2004). We conclude that the district court did not abuse its discretion by denying Madrid–Figueroa's motion. *Ortega–Ascanio* was decided prior to Madrid–Figueroa's guilty plea, and therefore was not intervening authority constituting a fair and just reason for withdrawal of the plea. *Cf. Ortega–Ascanio,* 376 F.3d at 887 (defendant demonstrated fair and just reason for withdrawing his plea where intervening Supreme Court decision overruled Circuit precedent). Furthermore, Madrid–Figueroa could not have successfully collaterally attacked the underlying deportation order because "[r]einstatement of a prior removal order—regardless of the process afforded in the underlying order—does not offend due process." *Morales–Izquierdo v. Gonzales,* 486 F.3d 484, 497 (9th Cir.2007) (en banc).

Madrid–Figueroa further contends that the district court erred by denying his motion to withdraw his plea because his removal order was not reinstated by an immigration judge. We reject this contention in light of the holding in *Morales–Izquierdo* that "a previously removed alien who reenters the country illegally is not entitled to a hearing before an immigration judge to determine whether to reinstate a prior removal order." *Morales–Izquierdo,* 486 F.3d at 498; *see also United States v. Diaz–Luevano,* 494 F.3d 1159, 1161–62 (9th Cir.2007) (per curiam).

**AFFIRMED.**