**UNITED STATES of America,
Plaintiff–Appellee,**

**v.**

**Claud WEI, Defendant–Appellant.**

**No. 06–50588.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 8, 2008.

Filed April 17, 2008.

Anne Gannon, Esq., Office of the U.S. Attorney, Santa Ana, CA, for Plaintiff–Appellee.

Benjamin L. Coleman, Esq., Coleman & Balogh LLP, San Diego, CA, for Defendant–Appellant.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

### MEMORANDUM *

Claud Wei appeals his conviction and sentence following his guilty plea for conspiracy to conceal, harbor and transport illegal aliens in violation of 8 U.S.C. § 1324(a)(1)(A)(ii), (iii), (v)(I). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in denying Wei's motion to withdraw his guilty plea, which he had entered pursuant to a plea agreement. The district court rejected Wei's belated contention that, at the time of his guilty plea, he erroneously believed that the terms of the plea agreement limited to three the number of illegal aliens for which he could be sentenced and prevented the government from seeking a higher offense level under U.S.S.G. § 2L1.1(b)(2). The weight of the record supports the district court's decision to discredit Wei's contention, which was unsupported by sworn testimony and directly contradicted statements previously made by Wei in open court. It was, therefore, not an abuse of discretion for the district court to conclude that Wei failed to present a fair and just reason to withdraw his plea. *See* Fed.R.Crim.P. 11(d)(2)(B); *United States v. Ortega–Ascanio,* 376 F.3d 879, 883 (9th Cir.2004).

We reject Wei's contention that his guilty plea was not knowing and voluntary because he was not advised of the DNA sample collection requirement that the district court must impose as a condition of supervised release. Collection of a DNA sample is a mandatory condition of supervised release for defendants convicted under the federal alien smuggling statute. *See* 42 U.S.C. § 14135a(a)(2), (d); 18 U.S.C. § 3583(d); 8 U.S.C. § 1324. As a consequence, notice that the DNA condition may be imposed at sentencing was implicit in the district judge's notice during the Rule 11 hearing that Wei might be subject to supervised release if convicted. *Cf. United States v. Napier,* 463 F.3d 1040, 1043 (9th Cir.2006) ("[I]mposition of ... mandatory and standard conditions is deemed to be implicit in an oral sentence imposing supervised release.").

We need not address Wei's contention that, in considering the advisory Sentencing Guidelines, the district court erred in applying a two-level sentencing enhancement for "recklessly creating a substantial risk of death or serious bodily injury" to the illegal aliens whom he conspired to conceal and transport. U.S.S.G. § 2L1.1(b)(6). The district court made clear that the enhancement was "neither material nor necessary to the court's ultimate conclusion that a sentence of 63 months [was] proper." The district court stated that it "would [have] impose[d] the same sentence with or without evidence of endangerment." Thus, the error, if any, was harmless. *See United States v. Menyweather,* 447 F.3d 625, 631 (9th Cir.2006) (finding that a possible misapplication of the advisory Sentencing Guidelines was harmless error).

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.