MEMORANDUM ***
Appellant Derrick S. Hubbard (“Hubbard”) appeals his conviction in the district court after pleading guilty to five counts of health care fraud under 18 U.S.C. § 1347. Hubbard claims that his guilty pleas were not voluntary or knowingly given and that the district court abused its discretion in denying his motion to withdraw his guilty pleas. Because the parties are aware of the facts, we recount them only to the extent necessary to understand this disposition. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm Hubbard’s conviction.
The district court’s denial of a motion to withdraw a guilty plea is reviewed for abuse of discretion. United, States v. Garcia, 401 F.3d 1008, 1011 (9th Cir.2005). “A court abuses its discretion when it rests its decision on an inaccurate view of the law.” Id. (citing Richard S. v. Dep’t of Developmental Servs., 317 F.3d 1080, 1085-86 (9th Cir.2003)).
Under Federal Rule of Criminal Procedure 11(d)(2)(B), a defendant may withdraw a guilty plea after its acceptance but before sentencing if the defendant shows “a fair and just reason for requesting the withdrawal.” Fed.R.Crim.P. 11(d)(2)(B). The “fair and just reason” standard “is applied liberally.” Garcia, 401 F.3d at 1011 (citing United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir.2004)). *526 “Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea.” OrtegaAscanio, 376 F.3d at 883. Hubbard has not demonstrated fair and just reasons for withdrawal of his guilty plea.
“A plea is voluntary and intelligent only if it is entered by one fully aware of the direct consequences of his plea.” Little v. Crawford, 449 F.3d 1075, 1080 (9th Cir. 2006) (internal citations omitted) (citing United States v. Amador-Leal, 276 F.3d 511, 514 (9th Cir.2002)). “A consequence is ‘direct’ where it presents ‘a definite, immediate and largely automatic effect’ on the defendant’s range of punishment.” United States v. Kikuyama, 109 F.3d 536, 537 (9th Cir.1997) (quoting United States v. Wills, 881 F.2d 823, 825 (9th Cir.1989)); see also Torrey v. Estelle, 842 F.2d 234, 236 (9th Cir.1988) (“The distinction between a direct and collateral consequence of a plea turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant’s punishment.”). Thus, “[bjefore a court may accept a defendant’s guilty plea, the defendant must be advised of the range of allowable punishment that will result from his plea.” Id. at 235 (citation and internal quotation marks omitted). “The essential ingredient is notice of ‘the maximum possible penalty provided by law.’ ” United States v. Barrios-Gutierrez, 255 F.3d 1024, 1027 (9th Cir.2001) (quoting Fed.R.Crim.P. 11(c)).
Here, it is clear from the record that Hubbard’s plea was knowing and voluntary. Hubbard was made aware of the maximum statutory penalty. Hubbard was informed of the recommended sentencing guideline range, and of his likely sentence. The district court also spent a significant amount of time discussing the potential collateral consequences of Hubbard’s guilty plea and any waivers of rights. Although Hubbard asked many questions, the district court spent a significant amount of time addressing each of his concerns. In light of the significant efforts made by the district court to answer all of Hubbard’s questions, we are not persuaded that Hubbard, a well educated doctor, would have had any doubts as to the consequences of pleading guilt. Moreover, despite being warned that it would be very difficult to withdraw his guilty plea after the change of plea hearing, Hubbard repeatedly stated that he understood the consequences and expressed his desire to plead guilty.
Additionally, Hubbard’s belated claims of innocence at the sentencing hearing are insufficient to warrant withdrawal of his guilty plea. An unsupported claim of innocence is not a fair and just reason for withdrawal. See United States v. Turner, 898 F.2d 705, 713 (9th Cir.1990) (affirming the denial of a motion to withdraw guilty plea despite the defendant’s claim that he was “being blamed for a lot of stuff that [he] didn’t do”). Accordingly, we find that the district court did not abuse its discretion in denying Hubbard’s motion to withdraw his guilty plea.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.