# FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 10-10094 |
| | ) | |
| Plaintiff – Appellee, | ) | D.C. No. 4:09-cr-00366-CW-1 |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| TERRY NORRIS, | ) | |
| | ) | |
| Defendant – Appellant. | ) | |
| | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

Submitted March 15, 2011[**]
San Francisco, California

Before:     WALLACE, FERNANDEZ, and CLIFTON, Circuit Judges.

Terry Norris appeals his conviction for possessing a firearm in furtherance

of a drug trafficking crime.  See 18 U.S.C. § 924(c)(1)(A).  We affirm.

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. Rule 36-3.

[**]The panel unanimously finds this case suitable for decision without oral
argument.  Fed. R. App. P. 34(a)(2).

Norris' sole claim is that the district court erred when it denied his motion to withdraw his guilty plea to that crime. However, we have reviewed the record and we cannot say that the district court abused its discretion[1] when it determined that his claim of mental impairment at the time of the plea colloquy did not spell out a fair and just reason to withdraw the plea.[2] His statements under oath at the time of the plea undercut his present claims of clouded understanding and misunderstanding,[3] as does the fact that he had known of the five-year mandatory minimum sentence, which he agreed to, for quite some time before he pled. Under the circumstances, acceptance of Norris' claim would leave the results of plea hearings little "more than ephemeral." United States v. Rios-Ortiz, 830 F.2d 1067, 1070 (9th Cir. 1987).

AFFIRMED.

---

[1]See United States v. Briggs, 623 F.3d 724, 727 (9th Cir. 2010); United States v. Ortega-Ascanio, 376 F.3d 879, 883 (9th Cir. 2004).

[2]See Fed. R. Crim. P. 11(d)(2)(B); Briggs, 623 F.3d at 728; Ortega-Ascanio, 376 F.3d at 883.

[3]See United States v. Ross, 511 F.3d 1233, 1236–37 (9th Cir. 2008); United States v. Nostratis, 321 F.3d 1206, 1210 (9th Cir. 2003); United States v. Signori, 844 F.2d 635, 639 (9th Cir. 1988); United States v. Castello, 724 F.2d 813, 815 (9th Cir. 1984); see also United States v. Myers, 993 F.2d 713, 714–15 (9th Cir. 1993).