**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30079 |
| Plaintiff - Appellee, | D.C. No. 2:09-cr-00062-RSM-1 |
| v. | |
| QUY DINH NGUYEN, AKA The Boss, AKA The Godfather, AKA The Old Man, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted April 9, 2013
Seattle, Washington

Before: D.W. NELSON, TASHIMA, and CALLAHAN, Circuit Judges.

Quy Dinh Nguyen appeals from the denial of his motion to withdraw his

guilty plea. We have jurisdiction under 28 U.S.C. § 1291 and dismiss the appeal

pursuant to the appellate waiver included in Nguyen's plea agreement. In the

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

alternative, we affirm on the merits the district court's denial of Nguyen's motion to withdraw.

1.     "A defendant's waiver of his appellate rights is enforceable if (1) the language of the waiver encompasses his right to appeal on the grounds raised, and (2) the waiver is knowingly and voluntarily made." *United States v. Jeronimo*, 398 F.3d 1149, 1153 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).  Nguyen argues only that his waiver is ambiguous as to whether he retained the right to pursue the instant appeal, thus effectively conceding that his federal waiver was knowing and voluntary.  Pursuant to his plea agreement, however, Nguyen unambiguously waived the right to appeal both the finding of his guilt (i.e., his conviction) and his sentence.  *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).  Nguyen's appeal is thus dismissed.

2.     Even if Nguyen had not waived his right to appeal, the district court properly denied his motion to withdraw his guilty plea.  Pursuant to Federal Rule of Criminal Procedure 11(d)(2)(B), "[a] defendant may withdraw a guilty plea . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal."  The standard is applied liberally.  *See United States v. Nagra*, 147 F.3d 875, 880 (9th Cir. 1998).

"Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered the plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004).

Nothing in the record indicates the district court applied an incorrect standard in rejecting Nguyen's motion. Moreover, Nguyen points to no flaws in the federal proceedings. We thus conclude that Nguyen did not show a fair and just reason to withdraw his plea. We do not reach his ineffective assistance of counsel claim, which is better reserved for a habeas proceeding. *United States v. Simas*, 937 F.2d 459, 463 (9th Cir. 1991).

**DISMISSED**.