NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 14 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-50176 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-00095-AG-1 |
| v. | |
| LUIZ EDUARDO BAPTISTA, AKA Luis Eduardo Baptista, AKA Luis Eduardo Batista, AKA Scotty Griges Oram, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted May 17, 2018
Pasadena, California

Before: WARDLAW, NGUYEN, and OWENS, Circuit Judges.

Luiz Baptista appeals from the district court's denial of his motion to present

a necessity defense and denial of his motion to withdraw his guilty plea. As the

parties are familiar with the facts, we do not recount them here. We affirm in part,

vacate in part, and remand.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1.      As a matter of law, Baptista did not offer sufficient proof to support a necessity defense. *See United States v. Arellano-Rivera*, 244 F.3d 1119, 1125 (9th Cir. 2001). Namely, he failed to offer sufficient proof that "he reasonably believed there were no other legal alternatives to violating the law." *United States v. Perdomo-Espana*, 522 F.3d 983, 988 (9th Cir. 2008); *see also United States v. Schoon*, 971 F.2d 193, 195 (9th Cir. 1991) ("[A] court may preclude invocation of the [necessity] defense if proof is deficient with regard to any of the four elements." (internal quotation marks omitted)). Baptista argues that he could not have traveled with his Brazilian passport because doing so would have jeopardized his pending immigration application in the United States. This makes clear that Baptista did not want to use a legal alternative, not that one did not exist. Baptista also argues that he could not have traveled with his Brazilian passport because it had expired in May 2015, prior to the time he felt his children's harm was imminent in August 2015. This argument is foreclosed by the fact that Baptista took steps to obtain a false passport in April 2015.

2.      Although Baptista preserved his right to appeal the denial of his necessity-defense motion and to challenge the voluntariness of his guilty plea, Baptista waived his other appellate rights. We read "general waivers of the right to appeal to cover . . . an appeal from the denial of a motion to withdraw a guilty plea." *United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).

Accordingly, we must decide whether Baptista's waiver is enforceable before we may consider whether the district court abused its discretion in denying Baptista's motion to withdraw his guilty plea. We conclude that Baptista's waiver became unenforceable when the district judge advised him, "without qualification, that he . . . [had] a right to appeal." *United States v. Jeronimo*, 398 F.3d 1149, 1153 n.2 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc). At Baptista's sentencing hearing, the district court stated, "[I]f you wish to appeal, you must do so within 14—within days [sic]." This "unambiguous" statement gave Baptista a "reasonable expectation" of his right to appeal. *United States v. Arias-Espinosa*, 704 F.3d 616, 619 (9th Cir. 2012) (internal quotation marks omitted). *Compare id.* at 618–19 (holding that the statement "you *may* have a right to appeal" did not affect the waiver (emphasis added)), *and United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998) (holding that the statement "if you *believe* the waiver is unenforceable, you can present that theory to the appellate court" did not affect the waiver (emphasis added)), *and United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997) (holding that the statement "It's up to the Ninth Circuit to decide whether under the circumstances [the defendant has] lost his right of appeal" did not affect the waiver), *with United States v. Buchanan*, 59 F.3d 914, 917–18 (9th Cir. 1995) (holding that the statement "you *have* the right to appeal" rendered the

waiver unenforceable (emphasis added)).

Having concluded that Baptista's waiver is unenforceable, we turn to the district court's denial of Baptista's motion to withdraw his guilty plea. Baptista moved to withdraw his guilty plea after learning that his wife was the government's original source of information and that she received relocation assistance in connection with the investigation.

A defendant "should be freely allowed" to withdraw a guilty plea before sentencing if he "can show a fair and just reason for requesting the withdrawal." *United States v. Showalter*, 569 F.3d 1150, 1154 (9th Cir. 2009) (quoting Fed. R. Crim. P. 11(d)(2)(B)). When a defendant's reason for withdrawing a guilty plea is new evidence, the district court should consider whether the evidence is actually new. *See id.* And in determining whether the new evidence provides a fair and just reason for withdrawal, the district court should ask whether the new evidence could have motivated a defendant not to plead guilty. *See id.* The district court may not, however, require the defendant to "show that his motion will be successful on its merits." *United States v. McTiernan*, 546 F.3d 1160, 1168 (9th Cir. 2008).

First, the district court failed to make any findings as to the novelty of this evidence, stating that it "[wasn't] persuaded by Baptista's characterization of this purportedly 'new' evidence." As the government has conceded that it had not

4

disclosed that Baptista's wife was its original source or that it had provided her relocation assistance until after his guilty plea, it is uncontroverted that this evidence was "unknown to the defense at the time of the plea." *United States v. Garcia*, 401 F.3d 1008, 1010 n.2 (9th Cir. 2005). The district court therefore erred in doubting the newness of the evidence.

Second, the district court misapplied the fair-and-just-reasons standard in denying Baptista's motion. *See id.* at 1011. The district court determined that "several of Baptista's purported [new] defenses" were "foreclose[d]" (1) because "Baptista's wife voluntarily reported his criminal conduct" and (2) due to the absence of evidence showing that his wife "acted as a government agent." But this goes to the merits of Baptista's claims. The proper inquiry before the court was whether the new evidence could have motivated Baptista not to plead guilty, not whether he was likely to succeed on the merits of his new defenses. *McTiernan*, 546 F.3d at 1168.

Moreover, in concluding that the new evidence would not have motivated Baptista not to plead guilty, the district court relied on the fact that the defenses the new evidence allegedly supported "ha[d] little or no bearing on his guilt or innocence." This conclusion was improper: evidence that provides a defendant with defenses that do not go to his guilt or innocence may nonetheless motivate a defendant not to plead guilty. *See United States v. Ortega-Ascanio*, 376 F.3d 879,

5

885 (9th Cir. 2004); *cf. McTiernan*, 546 F.3d at 1168.

We therefore conclude that the district court abused its discretion in denying Baptista's motion to withdraw his guilty plea. *See Ortega-Ascanio*, 376 F.3d at 883. We vacate the judgment of conviction, set aside the guilty plea, and remand for further proceedings consistent with this disposition.

The government shall bear the costs of this appeal.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

*United States v. Baptista*, No. 17-50176

FILED

JUN 14 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OWENS, Circuit Judge, dissenting:

I respectfully dissent. I believe the district court's statements during sentencing regarding the defendant's right to appeal were akin to those in *United States v. Arias-Espinosa*, 704 F.3d 616, 618–19 (9th Cir. 2012), so the appellate waiver remands valid. And with a valid appellate waiver, the defendant cannot challenge the district court's denial of his motion to withdraw his plea. *See United States v. Rahman*, 642 F.3d 1257, 1259 (9th Cir. 2011).