**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 31 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.  16-50384 |
| Plaintiff-Appellee, | D.C. No.<br>2:12-cr-01197-DSF-1 |
| v. | |
| DAVID WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted July 9, 2018
Pasadena, California

Before:  BERZON and N.R. SMITH, Circuit Judges, and NYE,[**] District Judge.

David Williams appeals the district court's denial of his motion to withdraw

his guilty plea. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. The district court properly recited in its decision that Williams carried the

burden of establishing a "fair and just reason" for withdrawing his guilty plea.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable David C. Nye, United States District Judge for the District of Idaho, sitting by designation.

16-50384

*United States v. Davis*, 428 F.3d 802, 805 (9th Cir. 2005). The district court then went on to properly apply this legal standard.

a. First, in considering whether Williams had presented a fair and just reason for withdrawal, the district court properly considered the strength of the government's case. Williams had argued that he should be permitted to withdraw his guilty plea because the factual basis for his plea agreement was either indisputably false or legally insufficient to support the wire fraud counts to which he pled guilty. A district court "need not rely on the plea colloquy alone and 'may conclude that a factual basis exists [for a plea] from anything that appears on the record.'" *United States v. Mancinas-Flores*, 588 F.3d 677, 682 (9th Cir. 2009) (citation omitted). Therefore, in re-examining whether a factual basis existed for Williams' guilty plea in the first place, it was proper for the district court to consider all the evidence in the record.

b. The district court did not commit plain error when it did not find Williams' allegedly inadequate plea colloquy was a fair and just reason for withdrawal of his guilty plea. Williams argues that while he admitted to several of the elements necessary to establish the wire fraud convictions at his plea colloquy, he never admitted to the necessary timeframe. Specifically, he never stated at the plea colloquy that he formulated his scheme to defraud before causing the wire fraud transfers to occur, which is a necessary element of the wire fraud charges.

*See* 18 U.S.C. § 1343; Model Crim. Jury Instr. 9th Cir. 8.124 (2010); *United States v. Brugnara*, 856 F.3d 1198, 1207 (9th Cir. 2017); *United States v. Sullivan*, 522 F.3d 967, 975 (9th Cir. 2008).

Williams did not notify the district court of this alleged error at the plea colloquy or in the motion to withdraw guilty plea. Accordingly, we review for plain error. *United States v. Yijun Zhou*, 838 F.3d 1007, 1010 (9th Cir. 2016).

As to whether there was a factual basis for Williams' guilty plea, the evidence in the record, including the evidence presented at the four days of trial, readily established that Williams knowingly devised a plan to defraud investors in June 2007, before he caused the investors to transfer money to his company, the Sherwood Secured Income Fund LLC ("SSIF"), in January 2008. Thus, the district court did not err in finding there was a legally sufficient factual basis for the plea agreement at the guilty plea stage.

At the subsequent motion to withdraw stage, the district court also did not err. Williams has not demonstrated that the district court's failure to elicit statements from him establishing the exact timeline of events during the plea colloquy is a fair and just reason for withdrawal. In light of the other evidence establishing his guilt, Williams has not shown that "a reasonable person in [his] position [would] not . . . have pled guilty" if alerted to the gaps in the plea

16-50384

colloquy. *United States v. Yamashiro*, 788 F.3d 1231, 1237 (9th Cir. 2015) (internal quotation marks omitted).

c. The district court did not abuse its discretion in concluding that a misstatement in the plea agreement was not a fair and just reason to permit Williams to withdraw his guilty plea. The plea agreement misstated that the "private placement memorandum" ("PPM"), which Williams gave to investors, specified that the SSIF monies were to be "secured by a lien." In fact, the PPM stated that the promissory notes would be secured by the assets of the SSIF. As stated previously, even disregarding this one error, there is clear evidence in the record supporting a finding of guilt on the wire fraud charges. In addition, the misstatement in the plea agreement regards a superfluous detail that does not affect a finding of guilt on the wire fraud charges. Considering these circumstances, Williams has not established that a reasonable person would not have pled guilty if he or she knew about the misstatement in the guilty plea. *Id.*

2. The district court did not commit plain error in declining to grant the motion to withdraw guilty plea on the grounds that Williams' attorneys did not understand a defense he wanted them to assert and the plea deal offered him little benefit.

Williams argues for the first time on appeal that his attorneys did not understand his so-called "PPM defense." Williams' PPM defense contends that

4                                                                 16-50384

Williams made no misrepresentations to investors in the PPM (and thus did not commit wire fraud) because the PPM required only that SSIF funds be used to invest in a real estate company, and the company in which Williams invested the SSIF funds—Williams Financial Group—was a real estate company because it held the title to a single piece of real property.

There is no evidence that Williams' attorneys did not understand the PPM defense. Rather, the record shows the attorneys fully investigated the defense and found it unsupported and unpersuasive. Moreover, even if Williams could establish that Williams Financial Group was a real estate company, that fact would not absolve him of guilt—there was a plethora of evidence that Williams used SSIF funds, invested in Williams Financial Group, for his personal and family expenses, not to invest in real estate.

Finally, Williams knew at the time he entered the plea agreement the extent of any benefit he would obtain from pleading guilty rather than proceeding to trial. Generally, only reasons "that did not exist when the defendant entered his plea" constitute fair and just reasons for withdrawal. *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). In addition, Williams cannot withdraw his plea simply because he thought he would get more benefit out of the plea agreement, in the form of a lighter sentence or a smaller restitution order, for example. *United States v. Nostratis*, 321 F.3d 1206, 1211 (9th Cir. 2003). Thus, the district court did

16-50384

not commit an error, let alone a plain error, in failing to grant the motion to withdraw guilty plea on this ground.

AFFIRMED.