**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

JAN 30 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10402 |
| Plaintiff-Appellee, | D.C. No. 1:13-cr-267-LJO-SKO-2 |
| v. | |
| CHRISTINA WILLIAMS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, Chief District Judge, Presiding

Argued and Submitted January 21, 2020
San Francisco, California

Before:  W. FLETCHER and R. NELSON, Circuit Judges, and MOLLOY,[**]
District Judge.

Defendant Christina Williams appeals the denial of her motion to withdraw

her guilty plea to one count of conspiring to buy, receive, alter, and pass

counterfeited U.S. obligations in violation of 18 U.S.C. § 371.  We have

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Donald W. Molloy, United States District Judge for
the District of Montana, sitting by designation.

jurisdiction under 28 U.S.C. § 1291, and we affirm.

A guilty plea may be withdrawn before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). "Fair and just reasons for withdrawal include inadequate Rule 11 plea colloquies, newly discovered evidence, intervening circumstances, or any other reason for withdrawing the plea that did not exist when the defendant entered his plea." *United States v. Ortega-Ascanio*, 376 F.3d 879, 883 (9th Cir. 2004). However, the inquiry is fact-specific, and each case must be considered in context. *United States v. McTiernan*, 546 F.3d 1160, 1167 (9th Cir. 2008). Further, "[o]nce the plea is accepted, permitting withdrawal is, as it ought to be, the exception, not an automatic right." *United States v. Ensminger*, 567 F.3d 587, 593 (9th Cir. 2009).

Williams argues that her post-plea rehabilitation is a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). However, assuming a defendant's post-plea rehabilitation may be a "fair and just reason" in some circumstances, it does not justify withdrawal of Williams's guilty plea in this case. Williams's turnaround is extraordinary. But three factors weigh against permitting the withdrawal: (1) the five-year delay between her guilty plea and motion to withdraw, (2) the prejudice the government would face having to go to trial after that much time has elapsed, and (3) the unfairness to Williams's co-defendant who

2

discharged his custodial sentence having pled guilty in a package plea deal. On this record, granting Williams's motion to withdraw her guilty plea would have been an abuse of discretion, and the district court properly denied it.

**AFFIRMED.**