**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff - Appellee*,

v.

EDUARDO ARIAS-ESPINOSA,
*Defendant - Appellant*.

No. 11-10663

D.C. No.
4:11-cr-02189-DCB-
GEE-1

OPINION

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Argued and Submitted
November 7, 2012–San Francisco, California

Filed November 30, 2012

Before: Ronald M. Gould and Milan D. Smith, Jr., Circuit
Judges, and Kevin T. Duffy, District Judge.[*]

Opinion by Judge Gould

---

[*] The Honorable Kevin Thomas Duffy, United States District Judge for
the Southern District of New York, sitting by designation.

## SUMMARY[**]

### Criminal Law

Dismissing an appeal from a sentence, the panel held that the district court's statement near the end of the sentencing hearing that the defendant "may have a right to appeal" was equivocal or ambiguous and therefore did not vitiate the defendant's explicit waiver of the right to appeal in his written plea agreement.

### COUNSEL

Randolfo V. López (argued), Randolfo V. López, PC, Tucson, Arizona, for Defendant-Appellant.

Ann Birmingham Scheel, Acting United States Attorney for the District of Arizona; Christina M. Cabanillas, Assistant United States Attorney, Chief, Appellate Division; and Robert L. Miskell (argued), Assistant United States Attorney, Office of the United States Attorney, Tucson, Arizona, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

GOULD, Circuit Judge:

Eduardo Arias-Espinosa appeals his 51-month sentence for illegal re-entry into the United States in violation of 8 U.S.C. § 1326, as enhanced by § 1326(b)(2). The government contends that Arias-Espinosa waived his right to appeal in his written plea agreement. We agree and dismiss this appeal.

I

Arias-Espinosa pleaded guilty to illegal re-entry into the United States and signed a written plea agreement. The agreement included an explicit waiver of his right to appeal his conviction and any sentence imposed within the range permitted by the agreement. At the change of plea hearing before a magistrate judge, Arias-Espinosa said that his counsel had explained the plea agreement and that he understood it. He also said that he understood that he was waiving his right to appeal. The magistrate judge in his findings and recommendations told the district court that Arias-Espinosa had knowingly, intelligently, and voluntarily waived his right to appeal as stipulated in the plea agreement. At the sentencing hearing, the district court adopted the magistrate judge's findings and accepted Arias-Espinosa's guilty plea. The court sentenced Arias-Espinosa to 51 months, within the range specified in the plea agreement. But at the end of the hearing, the court advised: "Mr. Arias-Espinosa, you may have a right to appeal the sentence." The question is whether this statement by the district court vitiates Arias-Espinosa's written waiver of his right to appeal.

## II

We review *de novo* whether Arias-Espinosa waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). Neither party argues that this appeal is outside the scope of the waiver or that the waiver was not knowingly and voluntarily made. *See United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). The sole issue is whether the district court's statement near the end of sentencing vitiated the waiver.

## III

We have held that a district court's clear statement that a defendant has the right to appeal renders unenforceable the defendant's prior waiver of this right in a plea agreement. *United States v. Buchanan*, 59 F.3d 914, 916–18 (9th Cir. 1995). In *Buchanan*, the defendant pleaded guilty and agreed to waive his right to appeal if his sentence was within the prescribed Sentencing Guidelines range. Months later, he tried to withdraw his plea because it contained unfavorable stipulations. The district court told him that he could appeal his "sentencing findings." *Id*. at 916. The next day, the court sentenced Buchanan and again told him that he had the right to appeal his sentence. *Id*. at 917. We reasoned that despite the written waiver, the defendant had a "reasonable expectation" of a right to appeal because of "the district court judge's clear statements at sentencing, the defendant's assertion of understanding, and the prosecution's failure to object." *Id.* at 917–18.

Since *Buchanan*, when a district court makes statements that contradict a defendant's prior waiver of his right to appeal, we have focused on both the court's statement and the

defendant's reasonable expectations about his rights. *See United States v. Lopez-Armenta*, 400 F.3d 1173, 1176 (9th Cir. 2005). For example, in *Watson*, the defendant's plea agreement included a waiver of his right to appeal, but at sentencing the court told the defendant, "Take an appeal if you—maybe it's waived. I don't know . . . . Now, you've got a great lawyer. Maybe he'll find a way to get an appeal out of this." *Watson*, 582 F.3d at 987–88. We held that this "ambivalent" statement was not enough to render unenforceable the defendant's written waiver. *Id*. at 988. The district court's ambiguous advice did not alter the defendant's reasonable expectations regarding his waived right to appeal.

Similarly, in *United States v. Aguilar-Muniz*, 156 F.3d 974, 977 (9th Cir. 1998), we held that the district court's admonition, "[I]f you believe the waiver is unenforceable, you can present that theory to the appellate court," did not affect the waiver in the plea agreement. And we also held that a judge's comment that "[i]t's up to the Ninth Circuit to decide whether under the circumstances [the defendant has] lost his right of appeal" did not disturb the appellate waiver. *United States v. Schuman*, 127 F.3d 815, 817 (9th Cir. 1997).

In reviewing whether a waiver should be enforced, we examine whether the district court's advice about a right to appeal was "unambiguous," *Lopez-Armenta*, 400 F.3d at 1176, and "without qualification," *United States v. Jeronimo*, 398 F.3d 1149, 1154 (9th Cir. 2005), *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007) (en banc).

Here, the district court's statement was ambiguous and did not negate the written waiver of the right to appeal. The

court told Arias-Espinosa that he "may have a right to appeal." *Cf. Buchanan*, 59 F.3d at 917 ("[Y]ou have the right to appeal."). The court's use of "may" introduced uncertainty into the statement. In common and legal usage, "may" reflects possibility, not certainty. *See Webster's Third New International Dictionary of the English Language* 1396 (1993); *see also Black's Law Dictionary* 1068 (9th ed. 2009). Accordingly, "may" is often conflated with "might." Bryan A. Garner, *Garner's Modern American Usage* 529 (2009). Both words "occupy different places on a continuum of possibility," and neither expresses certainty. *Id*. The court's equivocal statement indicating that Arias-Espinosa "possibly" has the right to appeal did not cancel his prior waiver.

Also, the circumstances of Arias-Espinosa's plea show that the statement did not create "confusion," *Lopez-Armenta*, 400 F.3d at 1177, or a "reasonable expectation" of a right to appeal, *Buchanan*, 59 F.3d at 917. Arias-Espinosa's counsel told him of the waiver, and Arias-Espinosa told the magistrate judge that he understood he was waiving his right to appeal. The magistrate judge's report likewise informed Arias-Espinosa that he had waived his right to appeal. The district court accepted the report and at this same hearing made the ambiguous statement regarding appellate rights. Viewed in context, the district court's statement is not similar to the unequivocal statements in *Buchanan*.[1]      Arias-

---

[1] The district court's equivocal statement accurately reflects the law. Despite the waiver, under our precedent, Arias-Espinosa retained the ability to appeal in some circumstances even with a valid waiver. *See United States v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007) (waiver will not apply when "1) a defendant's guilty plea failed to comply with Fed. R. Crim. P. 11; 2) the sentencing judge informs a defendant that she retains the right to appeal; 3) the sentence does not comport with the terms of the plea agreement; or 4) the sentence violates the law").

Espinosa's waiver of his right to appeal is not affected by the district court's statement at sentencing.

Arias-Espinosa contends that a waiver is valid only if the "government immediately objects to the court's advisement of a right to appeal and the sentencing judge acknowledges the presence of the waiver." *United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009) (citing *United States v. Zink*, 107 F.3d 716, 718 (9th Cir. 1997)). But we required the government to object in *Zink* and *Felix* only because the district court made a clear statement that the defendant had the right to appeal. *See Zink*, 107 F.3d at 718 ("[T]he district court advised Zink that he had the right to appeal from the judgment of this court." (internal quotation omitted)); *Felix*, 561 F.3d at 1041 n.5 (the defendant's counsel and the district court both stated that the defendant had the right to appeal and the prosecutor did not object). Because the district court's statement here was ambiguous, the government was not required to object.

We hold that the district court's statement that Arias-Espinosa "may have a right to appeal" was equivocal or ambiguous, rather than being made unequivocally, clearly, and without qualification, and so does not vitiate his explicit waiver of the right to appeal in his written plea agreement.

**DISMISSED**.