**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50491 |
| Plaintiff - Appellee, | D.C. No. 2:08-cr-01167-PSG |
| v. | |
| SHAUNTA TAYLOR, a.k.a. Capone, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted September 24, 2013[**]

Before:     RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

Shaunta Taylor appeals from the district court's judgment and challenges the

240-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute and to possess with intent to distribute oxycodone, in violation of 21

U.S.C. §§ 841(a)(1), (b)(1)(C), and 846.  We dismiss.

The government argues that the appeal is barred by an appeal waiver in the

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties' plea agreement.  We review de novo.  *See United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012).

Taylor argues that the appeal waiver should not be enforced because his sentence is unconstitutional, and enforcement of the waiver would result in a miscarriage of justice.  We disagree because the record reflects that Taylor was sentenced consistently with the requirements of due process.  *See United States v. Vanderwerfhorst*, 576 F.3d 929, 935-36 (9th Cir. 2009) (to establish due process violation at sentencing, defendant must show that his sentence was "demonstrably" based on information that lacked "some minimal indicium of reliability beyond mere allegation") (internal quotations omitted); *United States v. Rigby*, 896 F.2d 392, 394 (9th Cir. 1990) (no due process violation where "appellant was given full opportunity to request a more definitive ruling and did not do so" and where appellant "did not challenge the accuracy of any information in the report, only inferences drawn from it").

Taylor also argues that the district court's statements at sentencing vitiated the waiver.  The district court did not advise Taylor without qualification that he had the right to appeal; thus, the waiver is enforceable.  *See Arias-Espinosa,* 704 F.3d at 618-20.

**DISMISSED.**