**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50361 |
| Plaintiff - Appellee, | D.C. No. 8:12-cr-00255-DOC |
| v. | |
| JESUS GARCIA-COBIAN, a.k.a. Jesus Corbin-Garcia, a.k.a. Jesus Garcia-Corbian, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted August 13, 2014[**]

Before:    SCHROEDER, THOMAS, and HURWITZ, Circuit Judges.

Jesus Garcia-Cobian appeals from the district court's judgment and

challenges the 46-month sentence imposed following his guilty-plea conviction for

being an illegal alien found in the United States following deportation, in violation

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

of 8 U.S.C. § 1326. We dismiss, but remand to correct the judgment.

Garcia-Cobian contends that the district court imposed a substantively unreasonable sentence. The government contends that this appeal should be dismissed based on the appeal waiver in the parties' plea agreement. We review de novo whether an appellant has waived his right to appeal. *See United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004).

As is relevant here, Garcia-Cobian waived the right to appeal "the procedures and calculations used to determine and impose any portion of the sentence," and "the term of imprisonment imposed by the Court." Garcia-Cobian contends that the waiver is unenforceable because its language does not encompass his right to appeal the district court's denial of a variance. We disagree. Whether framed as a challenge to the district court's denial of a variance or to the length of the sentence imposed, Garcia-Cobian's challenge to the substantive reasonableness of his sentence is barred by the language of the appeal waiver.

Garcia-Cobian next contends the waiver is unenforceable because the district court advised him at sentencing that he had a right to appeal. The record belies this assertion. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619-20 (9th Cir. 2012).

In accordance with *United States v. Rivera-Sanchez*, 222 F.3d 1057, 1062

13-50361

(9th Cir. 2000), we remand the case to the district court with instructions that it delete from the judgment the reference to section 1326(b)(2). *See United States v. Herrera-Blanco*, 232 F.3d 715, 719 (9th Cir. 2000) (remanding sua sponte to delete the reference to section 1326(b)(2)).

**DISMISSED; REMANDED to correct the judgment.**