**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 18 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

IVHAN DANIEL HERRERA-CHIANG,
AKA Ivhan Herrera, AKA Ivhan Herrera-
Chiang, AKA La Mujer,

Defendant - Appellant.

No. 13-10607

D.C. No. 2:12- cr-00177- PGR-1

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted August 12, 2015
San Francisco, California

Before:     REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

Ivhan Herrera-Chiang ("Herrera") appeals his convictions for three counts of

bribery.  He contends that the district court committed reversible error under Fed.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

R. Crim. P. 11(c)(1) by impermissibly participating in plea negotiations. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.

## I. Standard of Review

Because Herrera did not raise his Rule 11 argument before the district court, our review of that argument is for plain error. *See United States v. Kyle*, 734 F.3d 956, 962-63 (9th Cir. 2013) (assuming without deciding that plain error review applies to unpreserved Rule 11 error); *United States v. Thompson*, 770 F.3d 689, 694 (8th Cir. 2014) (applying plain error review to unpreserved Rule 11 error); *United States v. Davila*, 749 F.3d 982, 992-93 (11th Cir. 2014) (same). We review de novo whether Herrera waived his right to appeal. *United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012).

## II. Analysis

1.      The government urges us to reject Herrera's appeal because the plea agreement Herrera signed contained a waiver of his right of appeal. A waiver of the right of appeal is valid "only if knowingly and voluntarily made." *United States v. Baramdyka*, 95 F.3d 840, 843 (9th Cir. 1996). But also, however, "Waivers of appeal must 'stand or fall with the agreement of which they are a part.'" *United States v. Portillo-Cano*, 192 F.3d 1246, 1250 (9th Cir. 1999) (quoting *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)). Thus, under

2

the circumstances of this case, whether Herrera's waiver bars his appeal depends on whether his Rule 11 challenge has merit. We, thus, proceed to an examination of the merits.

**2.** Under Fed. R. Crim. P. 11(c)(1), while plea negotiations are ongoing, the district court "must refrain from *all forms* of plea discussions." *United States v. Bruce*, 976 F.2d 552, 556 (9th Cir. 1992) (quoting *United States v. Adams*, 634 F.2d 830, 835 (5th Cir. 1981)) (emphasis in original). Rule 11 is "an *absolute prohibition* on all forms of judicial participation in . . . the plea negotiation process." *Id.* (emphasis and alteration in original).

During pre-trial hearings, the district court made a number of statements to Herrera and his counsel regarding a potential plea. The district court asked Herrera's counsel: "is there no possibility that [the case] can resolve itself short of trial?" Later, the district court asked the parties whether Herrera "[saw] the light of day" regarding is possible sentence under the Sentencing Guidelines if he went to trial. The court also described a potential plea as "a realistic opportunity for [Herrera] to not spend the rest of his life incarcerated." Shortly after these statements, Herrera accepted the government's proposed plea agreement.[1]

---

[1] The government extended the period that its plea offer would remain open at the implied request of the court.

Herrera contends that these statements amount to impermissible judicial participation under Rule 11. Even assuming, however, that the court's statements were improper, Herrera has not shown "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Davila*, 133 S. Ct. 2139, 2147 (2013) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)).

Herrera's only evidence of causation is that, prior to the district court's comments, he was unwilling to accept a plea agreement, but changed his mind shortly after the comments were made. Additionally, at his sentencing, which occurred several months after his change of plea hearing, the district court asked Herrera whether the court's comments had influenced his decision to change his plea. Herrera responded that the court's comments were not a factor in his decision. On this record, "'it is impossible to know . . . what [Herrera] would have done,' absent the Rule 11 error." *United States v. Arqueta-Ramos*, 730 F.3d 1133, 1142 (9th Cir. 2013) (quoting *United States v. Kennell*, 15 F.3d 134, 136-37 (9th Cir. 1994)). Accordingly, Herrera has not met his burden of showing that the error affected his substantial rights.

Because Herrera's Rule 11 argument lacks merit, we conclude that his plea agreement is valid. Herrera therefore has waived his statutory right of appeal.

4

## III. Conclusion

Herrera's appeal from the judgment of the district court is **DISMISSED.**

REINHARDT, *Circuit Judge* dissenting:

I have no doubt that the district judge unlawfully interfered in the plea negotiation process when he stated in Herrera-Chiang's presence, inter alia, that Herrera-Chiang may not "see the light of day" and that the plea bargain represented "a realistic opportunity for him to not spend the rest of his life incarcerated." In *United States v. Davila*, the Supreme Court acknowledged that the timing of a plea matters when determining whether such an error was prejudicial. 133 S. Ct. 2139, 2149 (2013) ("Had Davila's guilty plea followed soon after the Magistrate Judge told Davila that pleading guilty might be 'the best advice' a lawyer could give him . . . the error would likely qualify as prejudicial."). Here, Herrera-Chiang changed his plea only four days after the status conference at which the district judge made his final impermissible remarks. In my view, it is not possible to conclude without an evidentiary record that Herrera-Chiang did so for reasons other than the district court's improper interference in the plea bargaining process. Under the circumstances, I would either remand for a hearing on the question or remand for resentencing.

I respectfully dissent.