MEMORANDUM *
Ivhan Herrera-Chiang (“Herrera”) appeals his convictions for three counts of bribery. He contends that the district court committed reversible error under Fed.R.Crim.P. 11(c)(1) by impermissibly participating in plea negotiations. We have jurisdiction under 28 U.S.C. § 1291, and we dismiss the appeal.
I. Standard of Review
Because Herrera did not raise his Rule 11 argument before the district court, our review of that argument is for plain error. See United States v. Kyle, 734 F.3d 956, 962-63 (9th Cir.2013) (assuming without deciding that plain error review applies to unpreserved Rule 11 error); United States v. Thompson, 770 F.3d 689, 694 (8th Cir.2014) (applying plain error review to un-preserved Rule 11 error); United States v. Davila, 749 F.3d 982, 992-93 (11th Cir.2014) (same). We review de novo whether Herrera waived his right to appeal. United States v. Arias-Espinosa, 704 F.3d 616, 618 (9th Cir.2012).
II. Analysis
1. The government urges us to reject Herrera’s appeal because the plea agreement Herrera signed contained a waiver of his right of appeal. A waiver of the right of appeal is valid “only if knowingly and voluntarily made.” United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir.1996). But also, however, “Waivers of appeal must ‘stand or fall with the agreement of which they are a part.’ ” United States v. Portillo-Cano, 192 F.3d 1246, 1250 (9th Cir.1999) (quoting United States v. Wenger, 58 F.3d 280, 282 (7th Cir.1995)). Thus, under the circumstances of this case, whether Herrera’s waiver bars his appeal depends on whether his Rule 11 challenge has merit. We, thus, proceed to an examination of the merits.
2. Under Fed.R.Crim.P. 11(c)(1), while plea negotiations are ongoing, the district court “must refrain from all forms of plea discussions.” United States v. Bruce, 976 F.2d 552, 556 (9th Cir.1992) (quoting United States v. Adams, 634 F.2d 830, 835 (5th Cir.1981)) (emphasis in original). Rule 11 is “an absolute prohibition on all forms of judicial participation in ... the plea negotiation process.” Id. (emphasis and alteration in original).
During pre-trial hearings, the district court made a number of statements to Herrera and his counsel regarding a potential plea. The district court asked Herrera’s counsel: “is there no possibility that [the case] can resolve itself short of trial?” Later, the district court asked the parties whether Herrera “[saw] the light of day” regarding is possible sentence under the Sentencing Guidelines if he went to trial. The court also described a potential plea as “a realistic opportunity for [Herrera] to not spend the rest of his life incarcerated.” Shortly after these statements, Herrera accepted the government’s proposed plea agreement.[1]
Herrera contends that these statements amount to impermissible judicial participation under Rule 11. Even assuming, however, that the court’s statements were improper, Herrera has not shown “a rea *641 sonable probability that, but for the error, he would not have entered the plea.” United States v. Davila, — U.S.-, 133 S.Ct. 2139, 2147, 186 L.Ed.2d 139 (2013) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004)).
Herrera’s only evidence of causation is that, prior to the district court’s comments, he was unwilling to accept a plea agreement, but changed his mind shortly after the comments were made. Additionally, at his sentencing, which occurred several months after his change of plea hearing, the district court asked Herrera whether the court’s comments had influenced his decision to change his plea. Herrera responded that the court’s comments were not a factor in his decision. On this record, “ ‘it is impossible to know ... what [Herrera] would have done,’ absent the Rule 11 error.” United States v. Arqueta-Ramos, 730 F.3d 1133, 1142 (9th Cir.2013) (quoting United States v. Kennell, 15 F.3d 134, 136-37 (9th Cir.1994)). Accordingly, Herrera has not met his burden of showing that the error affected his substantial rights.
Because Herrera’s Rule 11 argument lacks merit, we conclude that his plea agreement is valid. Herrera therefore has waived his statutory right of appeal.
III. Conclusion
Herrera’s appeal from the judgment of the district court is DISMISSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. The government extended the period that its plea offer would remain open at the implied request of the court.