**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 14 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10279 |
| Plaintiff-Appellee, | D.C. No. 2:13-cr-00117-GEB |
| v. | |
| JAMIE RANGEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., District Judge, Presiding

Submitted March 8, 2017[**]

Before:    LEAVY, W. FLETCHER, and OWENS, Circuit Judges.

Jamie Rangel appeals from the district court's judgment and challenges the

168-month sentence imposed following his guilty-plea conviction for conspiracy to

distribute and to possess with intent to distribute methamphetamine, in violation of

21 U.S.C. §§ 841(a)(1) and 846.  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Rangel argues that the district court erred in applying a two-level enhancement for his leadership role in the offense under U.S.S.G. § 3B1.1(c). The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris,* 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Rangel's plea agreement unambiguously encompass this appeal of his low-end Guidelines sentence. *See id*. at 1205-06. The record belies Rangel's contention that the district court advised him that he had the right to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619 (9th Cir. 2012) (district court does not negate the written waiver of the right to appeal by stating that defendant "may have a right to appeal"). Accordingly, we dismiss pursuant to the valid waiver. *See Harris*, 628 F.3d at 1207.

**DISMISSED.**