NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 11 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-30201 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-05105-RBL-8 |
| v. | |
| MICHAEL ECKENRODE, | MEMORANDUM [*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted May 9, 2017[**]
Seattle, Washington

Before:  McKEOWN, BEA, and N.R. SMITH, Circuit Judges.

Michael Eckenrode pled guilty to certain drug and gun offenses.  His plea agreement includes a waiver of appeal, which states that "Defendant acknowledges that by entering the guilty plea(s) . . . [he] waives to the full extent of the law" any right to direct appeal of his sentence under 18 U.S.C. § 3742 and any right to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

collateral attack "except as it relates to the effectiveness of legal representation." Eckenrode appeals the district court's denial of his motion for reconsideration of sentence and to replace counsel. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we review de novo the validity of an appeal waiver. *See United States v. Lightfoot*, 626 F.3d 1092, 1094 (9th Cir. 2010). We dismiss.

In general, "[a] defendant's waiver of his appellate rights is enforceable if the language of the waiver encompasses his right to appeal on the grounds raised, and if the waiver was knowingly and voluntarily made." *United States v. Watson*, 582 F.3d 974, 986 (9th Cir. 2009) (citation omitted). Eckenrode does not dispute that his appeal falls within the scope of the plea agreement's waiver. Rather, he contends that his situation fits a recognized exception; specifically, Eckenrode argues that the judge at the Rule 11 change of plea hearing unambiguously informed him that he retained the right to appeal. *See United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995).

Neither the magistrate judge nor the district judge told Eckenrode that he retained the right to appeal. At the change of plea hearing, the magistrate judge said that Eckenrode retained the right to bring a collateral attack on his conviction or sentence for ineffective assistance of counsel. At sentencing, the district court similarly advised Eckenrode that he "waived [his] right to appeal the sentence" and that "the only collateral attack that [he could] take against th[e] judgment is in the

2

unlikely event of ineffective assistance of counsel." Those statements reflect the exclusion contained in the waiver, so the waiver remains valid and enforceable. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619 & n.1 (9th Cir. 2012).

We decline to address the claims of ineffective assistance of counsel on direct appeal. We note that, by its terms, the waiver preserves Eckenrode's ability to initiate a collateral attack on his conviction and sentence for ineffective assistance of counsel.

**DISMISSED.**