**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 17 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-30015 |
| Plaintiff-Appellee, | D.C. No. 3:14-cr-00110-SI |
| v. | |
| CHARLES DOUGLAS MIGUEL, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted August 9, 2017[**]

Before:    SCHROEDER, TASHIMA, and M. SMITH, Circuit Judges.

Charles Douglas Miguel appeals from the district court's judgment and challenges his guilty-plea conviction and the 120-month sentence imposed for violations of the Mann Act, in violation of 18 U.S.C. § 2421, and for tampering with a witness, in violation of 18 U.S.C. §§ 2 and 1512(b)(1).  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Miguel argues that the district court erred by failing to inquire into the voluntariness of his guilty plea when, during Miguel's allocution at the sentencing hearing, he requested a lower sentence than was stipulated to in his plea agreement. The government contends that this appeal is barred by a valid appeal waiver. We review de novo whether a defendant has waived his right to appeal. *See United States v. Harris,* 628 F.3d 1203, 1205 (9th Cir. 2011). The terms of the appeal waiver in Miguel's plea agreement unambiguously encompass this appeal. *See id.* at 1205-06. Contrary to Miguel's contention, the record reflects that he waived his appellate rights knowingly and voluntarily, *see United States v. Watson*, 582 F.3d 974, 986-87 (9th Cir. 2009), and that his guilty plea was knowing and voluntary, *United States v. Kaczynski*, 239 F.3d 1108, 1114-15 (9th Cir. 2001). Moreover, the record belies Miguel's contention that the district court advised him that he had the right to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619 (9th Cir. 2012) (district court does not negate the written waiver of the right to appeal by stating that defendant "may have a right to appeal"). Accordingly, we dismiss pursuant to the valid waiver. *See Harris*, 628 F.3d at 1207.

**DISMISSED.**

16-30015