**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   17-10013 |
| Plaintiff-Appellee, | D.C. No. 3:15-cr-00072-RCJ |
| v. | |
| JOSE LUIS BERNAL-ARIAS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted November 15, 2017[**]

Before:    CANBY, TROTT, and GRABER, Circuit Judges.

Jose Luis Bernal-Arias appeals from the district court's judgment and

challenges the 60-month sentence imposed following his guilty-plea conviction for

conspiracy to possess with intent to distribute heroin, in violation of 21 U.S.C.

§§ 841(a)(1), 841(b)(1)(B)(i), and 846.  We dismiss.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Bernal-Arias challenges the district court's finding that he was not safety valve eligible, as well as the district court's decision to apply a two-level enhancement for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. The government contends that the appeal is barred by an appeal waiver in the parties' plea agreement. We review de novo whether the appeal is barred by a waiver. *See United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012).

The appeal waiver in the parties' plea agreement covers Bernal-Arias's claims, and the record reflects that the waiver was knowing and voluntary. *See United States v. Harris*, 628 F.3d 1203, 1205 (9th Cir. 2011). Nonetheless, Bernal-Arias argues that the district court vitiated the written waiver at sentencing. This claim fails because the court's statement regarding Bernal-Arias's right to appeal was qualified. *See Arias-Espinosa*, 704 F.3d at 618-20. We also reject Bernal-Arias's call to ignore the appeal waiver to prevent a "miscarriage of justice." Even assuming this court recognized such an exception to the enforceability of an appeal waiver, it does not apply here.

**DISMISSED.**