**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 28 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    18-10112 |
| Plaintiff-Appellee, | D.C. No. 1:15-cr-00069-DAD-BAM-1 |
| v. | |
| RICHARD SAPIEN, AKA Richard Casarez Sapien, AKA Richard Casarez Sapien, Jr., AKA Ricky Sapien, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted May 21, 2019[**]

Before:  THOMAS, Chief Judge, FRIEDLAND and BENNETT, Circuit Judges.

Richard Sapien appeals from the district court's judgment and challenges the

100-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  We dismiss.

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Sapien argues that the district court erred by enhancing his base offense level under U.S.S.G. § 2K2.1(a)(2), contending that his prior convictions for assault with a deadly weapon under California Penal Code § 245(a)(1) are not crimes of violence. The government contends that this appeal is barred by a valid appeal waiver. We review the enforceability of an appeal waiver de novo. *See United States v. Watson,* 582 F.3d 974, 981 (9th Cir. 2009).

The language of the appeal waiver in Sapien's plea agreement unambiguously encompasses the claims he seeks to raise. *See id.* at 986. Contrary to his contention, Sapien's sentence is not illegal. *See United States v. Bibler,* 495 F.3d 621, 624 (9th Cir. 2007) ("A sentence is illegal if it exceeds the permissible statutory penalty for the crime or violates the Constitution."); *see also United States v. Vasquez-Gonzalez*, 901 F.3d 1060, 1068 (9th Cir. 2018) (a conviction under California Penal Code § 245(a)(1) is categorically a crime of violence). Moreover, the record does not support Sapien's claim that the district court provided an unqualified advisement at the sentencing hearing that he had a right to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619-20 (9th Cir. 2012). Finally, we decline to reach on direct appeal Sapien's claim that his counsel was ineffective. *See United States v. Rahman,* 642 F.3d 1257, 1259-60 (9th Cir. 2011). Accordingly, we dismiss pursuant to the valid waiver. *See id.* at 1260.

**DISMISSED.**

18-10112