NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 16-50206 |
| Plaintiff-Appellee, | D.C. No. 2:12-cr-00851-CAS-1 |
| v. | |
| DAVID SINGUI, AKA David Gedeon Mpoupe Singui, AKA David Gedeon Mpoupe Singuy, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Christina A. Snyder, District Judge, Presiding

Submitted April 12, 2019**
Pasadena, California

Before: RAWLINSON and MURGUIA, Circuit Judges, and GILSTRAP,***
District Judge.

David Singui was the owner, founder, and chief executive officer of Direct

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable James Rodney Gilstrap, United States District Judge
for the Eastern District of Texas, sitting by designation.

Money Source, a real estate mortgage company. Singui pled guilty to various offenses related to a mortgage fraud scheme perpetrated by Singui and several co-defendants. In his written plea agreement, Singui agreed to waive the right to appeal all of the "procedures and calculations used to determine and impose any portion of the sentence . . . [and] the term of imprisonment imposed by the Court"—provided the district court imposed a total term of imprisonment of no more than 97 months.

The district court ultimately sentenced Singui to 94 months imprisonment—98 months less than the low-end of the range calculated by probation. Singui appeals his sentence, arguing that the district court committed several procedural errors at his plea and sentencing hearings. Because Singui waived his right to appeal his sentence, we lack jurisdiction, and we dismiss.[1]

Singui argues that his appellate waiver is unenforceable because the district court advised him that he retained the right to appeal, and the government did not object. This Court reviews whether a defendant validly waived his right to appeal by entering into a plea agreement *de novo*. *See United States v. Ventre*, 338 F.3d 1047, 1051 (9th Cir. 2003).

Where a district court advises a defendant of his right to appeal, and the government does not object, the government loses its right to enforce an appellate

---

[1] We assume the parties' familiarity with the facts and procedural history.

waiver, as the defendant "could have no reason but to believe that the court's advice on the right to appeal was correct." *United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995). However, this exception only applies when the district court advises a defendant that he has a right to appeal "unequivocally, clearly, and without qualification," and the government does not object. *United States v. Arias-Espinosa*, 704 F.3d 616, 619-20 (9th Cir. 2012). Here, the district court's statement—"to the extent you have any right to appeal, and I believe you do, you have 14 days in which to appeal"—was ambiguous. Therefore, Singui's appellate waiver remains enforceable. *See id.* at 619 (court's statement that defendant "may have a right to appeal" was equivocal).

Singui also argues that his appellate waiver is invalid because the district court failed to advise him of his right to testify at any potential trial, as required by Federal Rule of Criminal Procedure 11(b)(1)(E). Where a defendant fails to object to a district court's alleged error under Rule 11, this Court reviews the alleged violation for plain error. *See United States v. Dominguez Benitez*, 542 U.S. 74, 76 (2004).

Here, even if the district court failed to comply with Rule 11, Singui was not prejudiced. Singui explicitly states in his Reply Brief that he "does not wish to undo his guilty plea." Singui also certified, in writing and at the plea hearing, that he had read and understood his plea agreement, which enumerated the rights

3

Singui was giving up by pleading guilty, including "[t]he right to testify and to present evidence in opposition to the charges." Therefore, any failure by the district court to comply with Rule 11 does not invalidate Singui's appellate waiver. *See Dominguez-Benitez*, 542 U.S. at 83 (noting that to succeed under plain error review, a defendant "must show a reasonable probability that, but for the error, he would not have entered the plea.").

Finally, Singui argues that, even if his appellate waiver is valid, it does not bar his Rule 32 argument—that the district court failed to verify at sentencing that he had read and discussed the PSR with his attorney, as required by Federal Rule of Criminal Procedure 32. Singui contends that this argument may be raised on appeal because it is outside the scope of his appellate waiver.

In the plea agreement, Singui waived his right to appeal "all of the procedures and calculations used to determine and impose any portion of the sentence . . . [and] the term of imprisonment imposed by the Court[.]" Based on this plain language, Singui's appellate waiver bars any challenge to the district court's alleged failure to comply with Rule 32 at sentencing, which encompasses the procedures used to impose Singui's sentence. *See United States v. Lo*, 839 F.3d 777, 783 (9th Cir. 2016) ("Plea agreements, including appeal waivers, are essentially contracts that we interpret according to contract principles. . . . [W]e will generally enforce the plain language of a plea agreement if it is clear and

4

unambiguous on its face.") (citations and internal quotation marks omitted); *see also United States v. Petty*, 80 F.3d 1384, 1387 (9th Cir. 1996) ("Like any other contract, we must interpret [a plea agreement] so as to carry out the intention of the parties. . . .").

**APPEAL DISMISSED.**