NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 14 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10151 |
| Plaintiff-Appellee, | D.C. No. 1:16-cr-00176-DAD-BAM-1 |
| v. | |
| DEJOHN WILEY, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 7, 2020**

Before:     TASHIMA, BYBEE, and WATFORD, Circuit Judges.

Dejohn Wiley appeals from the district court's judgment and challenges the

138-month sentence imposed following his guilty-plea conviction for: conspiracy

to engage in the business of dealing firearms without a license, in violation of 18

U.S.C. §§ 371 and 922(a)(1)(A); being a felon in possession of a firearm, in

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

violation of 18 U.S.C. § 922(g)(1); possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d); and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). We dismiss.

Wiley contends that the district court abused its discretion by rejecting his sentencing entrapment argument and procedurally erred by failing to explain adequately its reasons for rejecting that argument. The government contends that this appeal is barred by the appeal waiver in the parties' plea agreement. We review de novo whether a defendant has waived his right to appeal. *See United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009). The language of the appeal waiver, which bars any challenge to Wiley's sentence as long as it does not exceed 158 months, unambiguously encompasses the claims raised in this appeal. *See id.* at 986. Contrary to Wiley's contention, the district court did not provide an unqualified advisement at the sentencing hearing that he had a right to appeal. *See United States v. Arias-Espinosa*, 704 F.3d 616, 619-20 (9th Cir. 2012). Accordingly, we enforce the valid appeal waiver and dismiss. *See Watson*, 582 F.3d at 988.

Wiley's unopposed motion to file a late reply brief is granted. The Clerk will file the reply brief at Docket Entry No. 38.

**DISMISSED.**

19-10151