**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   19-30277 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-00309-RBL-1 |
| v. | |
| CONSTANTINO MARES GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted October 5, 2020[**]
Seattle, Washington

Before:  CALLAHAN and CHRISTEN, Circuit Judges, and RAKOFF,[***] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Constantino Mares Garcia appeals the 120-month, mandatory minimum sentence the district court imposed after he pleaded guilty to one count of possession with intent to distribute a controlled substance. Mares Garcia timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo whether Mares Garcia waived his right to appeal. *United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012). We conclude he did, and dismiss Mares Garcia's appeal. Because the parties are familiar with the facts, we recite only those necessary to resolve the appeal.

1. "[P]lea bargains are essentially contracts." *Puckett v. United States*, 556 U.S. 129, 137 (2009). Like other contracts, "each party may obtain advantages through concessions on their part." *United States v. Littlefield*, 105 F.3d 527, 530 (9th Cir. 1997) (Hall, J., concurring). Defendants commonly waive their right to appeal their sentence in exchange for government concessions, but such a waiver must be knowing and voluntary. *United States v. Buchanan*, 59 F.3d 914, 917 (9th Cir. 1995). "We look to circumstances surrounding the signing and entry of the plea agreement to determine whether the defendant agreed to its terms knowingly and voluntarily." *Id.*

On June 21, 2019, Mares Garcia pleaded guilty to the single count charged in the indictment. The plea agreement provided that Mares Garcia waived any

2

rights conferred by 18 U.S.C. § 3742 to appeal a mandatory minimum sentence, if the mandatory minimum was higher than the range provided in the sentencing guidelines. In exchange, the government agreed: (1) that it would seek a sentence of imprisonment "no greater than the lesser of 120 months or the lawful low end of the advisory Guidelines range as calculated by the Court"; and (2) that it would not prosecute Mares Garcia for any additional offenses known to the government at the time that were based on evidence in the government's possession and arose out of Mares Garcia's conduct that gave rise to the government's investigation. At the Rule 11 change-of-plea hearing, the magistrate judge reviewed the contents of the appellate waiver with Mares Garcia, and Mares Garcia stated he understood its terms. The magistrate judge specifically explained that the appeal waiver would apply if the statutory mandatory minimum was higher than the guidelines range and if the district court sentenced Mares Garcia to that mandatory minimum. The magistrate judge found that Mares Garcia's guilty plea was knowing, voluntary, and intelligent, and on July 8, 2019, the district court adopted the magistrate judge's report and recommendation and accepted Mares Garcia's guilty plea. On this record, we conclude the appeal waiver in Mares Garcia's plea agreement was valid and, by its terms, applies to the sentence the district court imposed. Despite this, Mares Garcia argues he has the right to appeal his sentence because the

district court stated at the sentencing hearing that it would "disregard" the appeal waiver and "not order that the waiver [was] met."

"[W]hen a district court makes statements that contradict a defendant's prior waiver of a right to appeal, we have focused on both the court's statements and the defendant's reasonable expectations about his rights" when determining whether to enforce the waiver. *Arias-Espinosa*, 704 F.3d at 618 (citing *United States v. Lopez-Armenta*, 400 F.3d 1173, 1176 (9th Cir. 2005)). Specifically, we have said that if a district court clearly states that the defendant has the right to appeal despite the existence of an appellate waiver, the government must immediately object in order for the waiver to remain enforceable. *Id.* (citing *United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir. 2009)). Here, we conclude the district court's statements did not vitiate Mares Garcia's valid appeal waiver because the government promptly objected to the district court's clear statements suggesting the court would not enforce the waiver. *See Felix*, 561 F.3d at 1041 ("[A] waiver of the right to appeal will only be enforced if the government immediately objects to the court's advisement of a right to appeal and the sentencing judge acknowledges the presence of the waiver."); *Littlefield*, 105 F.3d at 528–530 (Hall, J., concurring).

Accordingly, we enforce the valid appeal waiver and dismiss Mares Garcia's appeal.[1]

**DISMISSED.**

---

[1] Mares Garcia's unopposed motion to file the reply brief under seal (Dkt. #28) is GRANTED. The motion to seal (Dkt. #28-1) and reply brief (Dkt. #28-2) shall be maintained under seal.