NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50164 |
| Plaintiff-Appellee, | D.C. No. 8:15-cr-0004-CJC |
| v. | MEMORANDUM* |
| RICHARD HOON CHUNG, AKA Yoon Hoon Chung, AKA Hoon Chung Yong, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Cormac J. Carney, District Judge, Presiding

Submitted August 12, 2020**
Pasadena, California

Before: WARDLAW and CLIFTON, Circuit Judges, and HILLMAN,*** District
Judge.

Richard Hoon Chung challenges his sentence following his guilty plea to

two counts of wire fraud in violation of 18 U.S.C. § 1343. The district court

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.
\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).
\*\*\* The Honorable Timothy Hillman, United States District Judge for the District of Massachusetts, sitting by designation.

sentenced Chung to 33-months' imprisonment on each count, to be served concurrently. Chung contends that the district court erred in applying a 2-level enhancement under U.S.S.G. § 3B1.3 for abuse of a position of trust, the government breached its plea agreement by arguing for such enhancement, and his sentence is substantively unreasonable under 18 U.S.C. § 3553(a). The government argues that Chung's appeal should be dismissed based on the waiver provision in his plea agreement. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. We review *de novo* whether the defendant has waived his right to appeal. *United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000). Chung argues the waiver is not enforceable because at the sentencing hearing, the district court advised him of his right to appeal the sentence imposed. An appeal waiver is enforced when its language encompasses the defendant's right to appeal on the grounds claimed and the waiver was made knowingly and voluntarily. *Id.* (citing *United States v. Martinez*, 143 F.3d 1266, 1270–71 (9th Cir.1998)). An exception applies when the district court advises a defendant that he has a right to appeal "unequivocally, clearly, and without qualification." *United States v. Arias-Espinosa*, 704 F.3d 616, 620 (9th Cir. 2012). Where the court so advises the defendant and the government does not object, the government loses the right to enforce the appellate waiver. *United States v. Felix*, 561 F.3d 1036, 1041 (9th Cir.

2009) (where the district court clearly advises the defendant of his right to appeal, waiver of the right will be enforced only if the government immediately objects to the court's advisement of a right to appeal and the court subsequently acknowledges the waiver). In his plea agreement, Chung knowingly and voluntarily waived his right to appeal the within the Guidelines sentence imposed by the district judge. However, based on a misreading of that agreement, the district judge unequivocally told Chung that he had a right to appeal the issues he now raises before us and the government did not object. Under these circumstances, we will not enforce the waiver.

2. Chung argues that the government breached the plea agreement by arguing for a 2-level upward adjustment pursuant to U.S.S.G. § 3B1.3 for abuse of a position of trust. Because Chung did not make this argument to the district court, our review is for plain error. *United States v. Bonilla-Guizar*, 729 F.3d 1179, 1187 (9th Cir.2013). "Relief for plain error is available if there has been (1) error; (2) that was plain; (3) that affected substantial rights; and (4) that seriously affected the fairness, integrity, or public reputation of the judicial proceedings." *United States v. Cannel*, 517 F.3d 1172, 1176 (9th Cir. 2008) (citation omitted). In the plea agreement, the parties' agreed that that Chung's offense level was 18 but expressly reserved the right to argue that additional adjustments or departures would be appropriate under the Guidelines. The government further agreed to recommend a term of

3

imprisonment at the low end of the applicable Guidelines range provided the district court determined the range based on an offense level of 18 or higher and did not depart downward in offense level or criminal history category. At sentencing, the government argued for a 2-level enhancement for abuse of trust. The district court applied the requested enhancement and calculated Chung's offense level to be 20 and his Guidelines range to be 33–41 months' imprisonment. The government then recommended that Chung be sentenced to 33 months. The government's requested 2-level upward adjustment and its sentence recommendation did not breach the terms of the plea agreement and therefore, there was no error, never mind plain error.

3. Chung argues that the district court erred by imposing a 2-level upward adjustment pursuant to U.S.S.G. § 3B1.3 for abuse of trust because he did not have the requisite discretionary authority vis-a-vis his alleged victims, and his position did not significantly facilitate his offense. We review the district court's factual findings for clear error and its application of the Sentencing Guidelines to those findings for abuse of discretion. *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir.) (en banc). Under U.S.S.G. § 3B1.3, a defendant's offense level should be increased by two levels "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." Chung, who owned and operated numerous medical clinics, submitted fraudulent claims to Medicare using provider

4

codes of unwitting physicians and physical therapists he employed, and electronically deposited the funds received into bank accounts in their names that he controlled and had opened without their knowledge. The district court found that Chung's actions abused a private trust that these medical providers had placed in him to manage their financial affairs and dealings with Medicare. As the facts clearly demonstrate that Chung held a position of trust "characterized by professional … discretion" which "contributed in some significant way to facilitating the commission . . . of [his] offense," *see* U.S.S.G. § 3B1.3, cmt. 1, the district court did not abuse its discretion in applying this adjustment.

4. Chung asserts that his within Guidelines 33-month sentence is substantively unreasonable because it was greater than necessary to achieve the aims of § 3553(a) given that he is a non-violent offender with no criminal history, has lost his professional livelihood, and faces future legal and financial turmoil as the result of this case. We review the substantive reasonableness of a sentence for abuse of discretion considering the totality of the circumstances. *Gall v. United States*, 552 U.S. 38, 51 (2007). While we do not presume that a within Guidelines sentence is reasonable, "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). The district court appropriately considered the factors and objectives of sentencing under § 3553(a), identified two aggravating factors

5

(the eight-year duration of Chung's fraud and its impact on Medicare, a critical public program) and three mitigating factors (Chung's community service, recent mental health issues, and family hardships), and determined that a sentence at the low end of the Guidelines was appropriate. There was no abuse of discretion.

AFFIRMED.