NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-30137 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00007-SMJ-1 |
| v. | |
| RONALD STEPHEN MCCULLOUGH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Salvador Mendoza, Jr., District Judge, Presiding

Submitted August 17, 2021[**]

Before:    SILVERMAN, CHRISTEN, and LEE, Circuit Judges.

Ronald Stephen McCullough appeals from the district court's judgment and challenges his guilty-plea conviction and 108-month sentence for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). Pursuant to *Anders v. California*, 386 U.S. 738 (1967),

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

McCullough's counsel has filed a brief stating that there are no grounds for relief, along with a motion to withdraw as counsel of record. McCullough has filed pro se supplemental opening and reply briefs, and the government has filed an answering brief.

McCullough waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80 (1988), and the parties' briefs, discloses no arguable issue as to the validity of the waiver. *See United States v. Watson*, 582 F.3d 974, 986-88 (9th Cir. 2009). McCullough's pro se challenges to the district court's imposition of a two-level enhancement for possessing a dangerous weapon, and to the substantive reasonableness of his sentence, are encompassed by the waiver. *See United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir. 1998) ("When a plea agreement expressly waives a defendant's right to appeal a sentence, the waiver extends to an appeal based on an incorrect application of the sentencing guidelines."). Furthermore, the record reflects that, during the change of plea hearing, the district court correctly advised McCullough as to the terms of the waiver and confirmed his understanding of those terms. *See* Fed. R. Crim. P. 11(b)(1)(N). Even assuming McCullough is correct that the court's description of the waiver at the subsequent sentencing hearing was ambiguous, the record makes clear that the court did not provide McCullough an unqualified advisement that he could appeal

20-30137

his sentence. *See United States v. Arias-Espinosa*, 704 F.3d 616, 620 (9th Cir. 2012) (oral advisement of the right to appeal vitiates written waiver only if oral advisement is made "unequivocally, clearly, and without qualification"). Finally, to the extent McCullough argues that his attorney provided ineffective assistance by failing to explain the waiver adequately, we do not reach that claim on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259-60 (9th Cir. 2011).

In light of the enforceable appeal waiver, we dismiss the appeal. *See Watson*, 582 F.3d at 988.

Counsel's motion to withdraw is **GRANTED.** McCullough's pro se motion for appointment of substitute counsel is **DENIED**.

**DISMISSED.**