

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    22-50268 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00113-GW-5 |
| v. | |
| JESUS ROBELDO AGUILAR, AKA Jesse Aguilar, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Submitted January 9, 2024**
Pasadena, California

Before:  RAWLINSON, MELLOY,*** and H.A. THOMAS, Circuit Judges.

Jesus Robeldo Aguilar (Aguilar) pled guilty to conspiracy to distribute and

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

possess with intent to distribute controlled substances in violation of 21 U.S.C. § 846 and 18 U.S.C. § 371. He now appeals the district court's denial of safety valve relief under 18 U.S.C. § 3553(f). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"We review de novo whether an appellant has waived his right to appeal pursuant to the terms of a plea agreement . . ." *United States v. Wells*, 29 F.4th 580, 583 (9th Cir. 2022) (citation, alteration, and internal quotation marks omitted). "When reviewing sentencing decisions, we review the district court's identification of the relevant legal standard de novo, its factual findings for clear error, and its application of the legal standard to the facts for abuse of discretion. . . ." *United States v. Vinge*, 85 F.4th 1285, 1288 (9th Cir. 2023) (citations omitted).

Aguilar argues that the district court's remarks vitiated his appeal waiver. The enforceability of an appeal waiver may be invalidated by a district court's statements, *see United States v. Buchanan*, 59 F.3d 914, 917-18 (9th Cir. 1995), and the "defendant's reasonable expectations about his rights." *United States v. Arias-Espinosa*, 704 F.3d 616, 618 (9th Cir. 2012) (citation omitted).

We need not decide whether the district court's statements negated Aguilar's

plea waiver because on the merits, the district court did not clearly err in finding that Aguilar was ineligible for safety valve relief. *See United States v. Ferryman*, 444 F.3d 1183, 1186 (9th Cir. 2006) (expressing that there must exist "a definite and firm conviction that a mistake has been made" for this Court to disturb the district court's safety valve ruling) (citation omitted).

The district court is required to "impose a sentence pursuant to the sentencing guidelines without regard to any statutory minimum sentence" for specific drug offenses "if the defendant meets the criteria listed in § 3553(f)(1)-(5)." *United States v. Salazar*, 61 F.4th 723, 726 (9th Cir. 2023) (alterations omitted). The only criterion at issue is whether Aguilar "possessed a firearm in connection with the offense." The record reflects that Aguilar agreed to smuggle the drugs, drug proceeds, and firearms between California and Washington. *See United States v. Fernandez*, 526 F.3d 1247, 1252 (9th Cir. 2008) (citation omitted) ("The circumstances in which the firearms were found . . . may serve as grounds for concluding that firearms were possessed in connection with the offense of conviction. . . .") (citation, alteration, and internal quotation marks omitted); *see also United States v. Carrasco*, 257 F.3d 1045, 1048 (9th Cir. 2001) ("Firearms are known tools of the trade of narcotics dealing because of the danger inherent in that line of work. . . .") (citation omitted).

**AFFIRMED.**